NICHOLAS BUCKNER

v.

WM. JOHNSON ADM'R. OF GEORGE JOHNSON, WHO SUES TO
THE USE OF &C.

1. An acknowledgement by B. that he had given the note sued on—had not paid it and did not intend paying it, because it was given for land to which the payee had no title—is not sufficient to take the case out of the statute of limitations.
2. To take a case out of the stat. lim. there must be either an express promise to pay, or an acknowledgement of a real subsisting debt, on which the law would raise a promise to pay a particular sum.

ERROR to the circuit court of Perry county.

TOMPKINS* Judge. delivered the opinion of the court.

Johnson brought his suit in the circuit court against Buckner, and there had judgment. To reverse this judgment Buckner prosecutes his writ of error. The action was founded on a promissory note dated 10th March 1821, the suit was instituted 29th July 1833, and the trial took place on the first day of October 1834. The defendant pleaded that he did not undertake and promise within ten years next before the commencement of the action. The plaintiff replied that he did undertake and promise since the execution of said note and within ten years next before the commencement of this suit &c., on which replication issue was taken, on the trial of the cause it was proved that about one year before, the note sued on was presented to the defendant for payment, Buckner took the note into his hand and said that he gave the note, that he had not paid it, and he did not intend to pay it; the reason was, that he had purchased land of George Johnson, and that he had no title to it; after judgment against the defendant he moved for a new trial because the verdict was against the evidence. We are of opinion that the circuit court erred in refusing a new trial, we incline to think that the statutes of limitations have been in former days rendered almost nugatory by the decisions of the courts. The latter decisions are in our opinion much more reasonable and consistent with justice. The legislature of the several states passed such acts to hinder the bringing of actions on stale demands, when all the evidence of payment might have been lost; according to the later decisions, there should be, to take the cause out of the statute either an express promise to

*An acknowledgment by B. that he had given the note sued on—had not paid it and did not intend to pay it, because it was given for land to which the payee had no title—is not sufficient to take the case out of the statute limitations.*

*To take a case out of the stat. lim. there must be either an express promise to pay, or an acknowledgment of a real sub-*

---

*Wash Judge, being absent.

MAY TERM
1835.

pay a particular sum, or there should be an acknowledgment of a real subsisting debt on which the law would raise a promise to pay. This is the conclusion to which the Supreme Court of the United States came in the case of Bell and Morrison. This case is cited from memory and is believed to be in 4th Wheaton.

The judgment of the circuit court is therefore reversed and the cause remanded to be proceeded in conformity to this opinion.