5 208
117 568

---

## JAMES ELLIOTT v. JAMES LEAKE.

1. To take a case out of the statute of limitations there must be an acknowledgment of a debt; and an acknowledgment that the debt remains unpaid.
2. Where the defendant acknowledged that he had "got $200 from plaintiff, for land sold in Kentucky"—that "he had never denied it"—that "the $200 were just," &c.; these expressions, though not very satisfactory, will yet justify a court in refusing to grant a new trial, after a verdict for the plaintiff.

Opinion of the court delivered by EDWARDS, Judge.

This was an action of assumpsit, brought by Leake against Elliott. Pleas, non assumpsit and statute of limitations, and issue on each.

Eighteen or twenty years ago, Elliott and Leake resided in the State of Kentucky; and while there, and about that time, Elliott sold Leake twenty acres of land, for two hundred dollars. The contract was never reduced to writing. Leake paid Elliott the two hundred dollars, the price of the land. In 1834, Elliott admitted that he "had got from Leake two hundred dollars, for land in Kentucky, and that he had never denied it."

"That he had got two hundred dollars for land sold to Leake in Kentucky; that he had never denied it was right." "That the two hundred dollars were just, but that he did not receive the ten dollars." And in another conversation about the same time, Elliott said he "had sold to Leake twenty acres af land, in Kentucky, for two hundred dollars; and that he had received the money."

Elliott said he was willing to make Leake such a deed as he had. That he had got from Leake two hundred dollars in consideration of twenty acres, which he had sold to Leake, in Kentucky, eighteen or twenty years ago; and that there was no writing between them; and that he was then ready to make Leake a deed for said land, and had always been ready to do so. Leake said he would take a general warranty deed. Elliott said he would make him such a deed as he had. The law of Kentucky, on the subject of parol contracts as to land, and under which this contract was made, was introduced and read in evidence. By this law it is declared and enacted that parol contracts as to the sale of lands are null and void.

Leake had verdict and judgment. Elliott moved for a new trial, and the court overruled the motion.

The error assigned is the refusal to grant a new trial.

It is insisted by Mr. Anderson, for the appellant, that it is clear from the evidence that the demand sued on originated fifteen or sixteen years ago, before the institution of this suit. That there had not been, within ten years previous to the institution of the suit, any express promise to pay the sum demanded or any part thereof; and that there has been no direct and unqualified admission of a previous subsisting debt, which the defendant is liable and willing to pay. In support, he cites several authorities, and among others, Bell v. Morrison, 1 Peter, 351.

It is insisted by Mr. Wright, for the appellee, that certain acknowledgments made by Elliott, take this case out of the statute of limitations. The contract of sale being void, Leake could maintain assumpsit for money had and received; and if brought within five years, all the evidence requisite to obtain judgment, would be the reception of the money on a parol contract for land. The law will imply the promise to pay. This action is brought after five years, but the evidence is exactly what would have sustained the action within the period of limitation. Does the law require stronger evidence to *revive*

14

APRIL, TERM,
1838.

Elliott v. Leake.

To take a case out of the statute of limitations there must be an acknowledgment of a debt; and an acknowledgment that the debt remains unpaid.

an obligation than it does to create it? Mr. Wright seems to think not.

It may not require stronger evidence to *revive* an action than it does to *create* it, but it certainly requires more evidence. The acknowledgment of the receipt of money, on a parol contract for lands, would support assumpsit for money had a d received, if brought within the period of limitation, but not so if brought after that period. The law would presume that the debt had been discharged, and the defendant would not be required to show that he had discharged the debt. To make a case that can be taken out of the statute, there must be an original debt barred by the statute, a subsequent acknowledgment of the original debt not barred by the statute, and an acknowledgment that the debt remains unpaid. The acknowledgment of the debt, and that it remains unpaid, form the basis for a new action; and it is upon the ground that a new cause of action has been created that these cases are considered out of the operation of the statute. It is not necessary that the party should acknowledge his willingness to pay the debt; it is sufficient that he acknowledged that he owed the debt, and that it remains unpaid. That evidence which will create an obligation will revive that obligation, if connected with evidence that the obligation has not been discharged. A principal ingredient in reviving a debt barred by the statute, is the evidence that it is still subsisting—Bell v. Morrison, and the cases there cited, 1 Peter's R. 351.

Where the defendant acknowledged that he had "got $200 from plaintiff, for land sold in Kentucky"—that "he had never denied it"—that "the $200 were just," &c.; these expressions, though not very satisfactory, will yet justify a court in refusing to grant a new trial, after a verdict for the plaintiff.

In this case, Elliott received from Leake, fifteen or twenty years ago, two hundred dollars, for no consideration. He has acknowledged the receipt of the said two hundred dollars, within the last five years. Here are two of the requisites necessary to take the case out of the statute. Does the third exist? Has he acknowledged that the two hundred dollars remain unpaid? Elliott says he got the money, and "*had never denied it.*" That he had "got two hundred dollars, and *had never denied it was right.*" "That the two hundred dollars *were just,* but that he had never received the ten dollars." Do these expressions show that the two hunderd dollars remain unpaid? They were used by Elliott in a conversation, in which he expressed a wish to settle the difficulty between himself and Leake, and in which he said he had got two hundred dollars from Leake, for land sold in Kentucky. That he was willing to make a deed for the land. Leake said he would take a general warranty deed. Elliott replied he would make him a deed, such a one as he

had. "The two hundred dollars *were just*, but he had never received the ten dollars." Why were they just? Because he had received them and gave no consideration for them. To whom were they just? To Leake, because he had received them from Leake, "but he had never received the ten dollars," and therefore they were unjust. I am not very well satisfied that this evidence is of a character as clear and conclusive as should be required to show the continued liability of the party; yet it is far from being clear that it was insufficient to justify the jury in their finding.

The court committed no error, then, in overruling the motion for a new trial. The judgment should be affirmed; and the other judges concurring, it is affirmed.