C. M. BOYD, Adm'r of CHESTER CARR, Defendant in Error, *v.* BARBARA HURLBUT, Adm'x of HILLMAN HURLBUT, Plaintiff in Error.

*Limitations—New Promise—Action.*—A promise to pay a debt barred by the statute of limitations does not give a new cause of action, and the suit is properly brought upon the original contract. Under the statute, the promise to take the case out of the statute must be in writing, must acknowledge the debt from which the law will imply the promise, or promise payment. Where the plaintiff, to remove the bar, proves a general acknowledgment of indebtedness in writing, the burden of proof is upon the defendant to show that it related to a different demand from that in controversy.

*Error to the Fifth District Court.*

*Woodson & Merryman,* for plaintiff in error.

I. There is no question that the statute of limitations operates as a bar to a recovery of the note sued on, unless a new promise sufficient to take the case out of the operation of the statute has been shown.

II. No new promise has been shown to defeat the effectual bar set up under the statute of limitations; the promise relied on is not sufficient—Ang. on Lim. §§ 219–25; 3 Mo. 155; 5 208; 6 Mo. 21; 23 U. S. D. 386, §§ 102–3; Moore v. Bank of Columbia, 6 Pet. 86, and authorities; 1 Pet. 351. The

new promise must be in writing, and passed upon by the court—3 Pars. on Cont. 68, and authorities cited.

III. The statute of limitations was a bar to the maintenance of any suit upon the note upon which the action is founded. If a new promise or acknowledgment of the note sued on in writing was ever made, this suit ought to have been brought upon this new promise, and cannot be maintained upon the original note, it being admitted and shown fully by the evidence that more than ten years expired after the maturity of the note before suit was brought or any new promise made— 4 Dana, 505; Ang. on Lim. §§ 224, 227; McKean v. Thorpe, 4 Mo. 358; Davis v. Herring, 6 Mo. 21; Elliott v. Leake, 5 Mo. 208; Buckner v. Wheaton, 4 Mo. 100; 6 McLean, 190; 6 Geo. 21; 32 Barb. 139; 31 Miss. 95; How v. Saunders, 31 Me. 352; 20 Texas, 77; 17 Ohio, 9.

IV. If the promise or acknowledgment relied upon be made after the claim is barred by the statute, then the suit must be upon the new promise—Ang. on Lim. § 254; Burleigh v. Scott, 8 Barn. & C. 36; 11 Pick. 331.

*Vories & Vories*, for defendant in error.

Our statute requires that an acknowledgment of, or promise to pay, a debt otherwise barred by the statute of limitations, shall be in writing, and signed by the party making the same, in order to relieve it from the bar of the statute. This statute does not, however, require any other or different acknowledgment or promise than would have been sufficient before the statute (if orally made) to take a debt out of the operation of the statute of limitations; it is only required now to be in writing, or rather the evidence of the promise, &c., must now be in writing—7 Bing. 163; 2 Pick. 368; 22 Pick. 291.

The letters read in evidence contained both an acknowledgment of indebtedness and a promise to pay, either of which was sufficient to remove the bar of the statute, and the court should have so instructed the jury—Bernard v. Willie, 22 Pick. 291; Bangs v. Hall, 2 Pick. 368; Hayden v.

Williams, 7 Bing. 163; 2 Greenl. Ev. §§ 441–43, and cases referred to; Ang. on Lim. 244, n., 247, 255; 2 Stark. Ev. 470–82.

If a general acknowledgment of indebtedness is made and one indebtedness is shown to have existed, the law will presume the acknowledgment to have referred to said indebtedness in the absence of proof to the contrary, and the burden is on the defendant to show that it referred to a different debt—Greenl. on Ev. § 441, &c.; Bailey v. Crow, 21 Pick. 323; Woodbridge v. Allen, 12 Metc. 470; Kales v. Kelly, 2 Texas, 541; Brown v. State Bk., 5 Eng. (Ark.) 134; Wood v. Wilds, 6 Eng. (Ark.) 754; Gray v. James, 6 Gill, 82; Whiting v. Bigelow, 4 Pick. 110; French v. Burgough, 1 Bing. 266; 1 Esp. 435; Elliott v. Leake, 5 Mo. 208; Davis v. Herring, 6 Mo. 21; 2 Stark. Ev. 482, &c.

Whether the acknowledgment or promise relied on is sufficient to take the case out of the statute of limitations, is a question of law for the court; but whether the promise or acknowledgment referred to the debt in question, is a question of fact for the jury—Dickenson v. Hatfield, 1 Moody & R. 141; Bird v. Gorman, 3 Bing. (N. C.) 883; Waller v. Lacey, 1 Man. & G. 54; Williams v. Griffith, 3 Esp. 335; Haybacker v. Rees, 12 Pa. 264; Davis v. Spanner, 14 Pa. 275; Densmore v. Densmore, 3 Shep. 433; Hayden v. Williams, 7 Bing. 163; 22 Pick. 291.

The action was properly brought on the note—the proper practice being to sue on the original cause of action; and when the statute is pleaded, set up the promise relied on in the replication—Ang. on Lim. 337, old ed.; Leaper v. Talton; 16 East. 423; Williams v. Dyde, Peck, 68; Yea v. Fouraker, 2 Burr. 1099; Clark v. Bradshaw, 3 Esp. 155; Brian v. Horseman, 4 East, 599; Sluby v Champlin, 4 Johns. 451; Baxter v. Penniman, 8 Mass. 133; Shippey v. Henderson, 14 Johns. 178; Hadsten v. Haindge, 2 Sands. 63; 2 Hawks, 209; 2 Dev. & B. (N. C.) 375; 4 Harr. & J. 485; 4 Johns. 461; 8 Wend. 601; Low v. Shaler, 3 Cow. 131; Heylise v. Hastings, 4 Carth. 471; Homer v. Fish, 1 Pick.

435; 3 Pick. 75; Martin v. Williams, 17 Johns. 330; Johnson v. Beardslee, 15 Johns. 4.

Our statute only declares that civil actions shall not be commenced, &c.; does not destroy the original cause of action, but on the contrary provides that an action may be commenced if an after promise in writing be made. (See the cases above cited.)

WAGNER, Judge, delivered the opinion of the court.

Plaintiff brought his suit in Platte county on a promissory note, made by defendant's intestate, and on the trial the statute of limitations was pleaded as a defence. To remove the obstacle interposed by the statute, the plaintiff introduced letters written by the maker of the note to the payee in his lifetime acknowledging an indebtedness, and stating that he was making arrangements and hoped to be able to pay three hundred dollars by the first of January then next ensuing after the date of the letter, and several hundred dollars each year thereafter. The note was for upwards of sixteen hundred dollars, and the letters were not written till more than ten years had elapsed after the making and executing the same. The letters referred to no special or particular debt, and the Circuit Court held that the acknowledgments and promises contained in them were insufficient evidence to revive the cause of action, and by its instructions withdrew it entirely from the consideration of the jury. Judgment having been rendered for the defendants, the cause was taken to the District Court sitting at St. Joseph, where the judgment of the Circuit Court was reversed, and the cause remanded, and from the decision of the District Court the defendants have prosecuted their writ of error.

The acknowledgments and promises to pay were contained in writing, in compliance with the statute, and if they were made in a sufficiently clear and explicit manner, and by their terms they were unequivocal and determinate, they will completely destroy the defence sought to be set up as a bar. To take a case out of the statute of limitations there

should be either an express promise to pay, or an acknowledgment of an actual subsisting debt, on which the law would imply a promise, and it will be sufficient if the party acknowledges the indebtedness, and that it remains unpaid without any expression of willingness to remain bound— Buckner v. Johnson, 4 Mo. 100 ; Elliott v. Leake, 5 Mo. 208.

But if the acknowledgment is accompanied with conditions or circumstances which repel or rebut the presumption of a promise or intention to pay ; or if the expressions used be vague, equivocal or ambiguous, leading to no certain or determinate conclusion, they will not satisfy the requirements of the statute, and the evidence ought not to be submitted to a jury for them to found a verdict on mere inference— 2 Greenl. on Ev. § 440, & n. 3.

In the leading case of Bell v. Morrison, 1 Pet. 362, Mr. Justice Story says :—" If the bar is sought to be removed by the proof of a new promise, that promise, as a new cause of action, ought to be proved in a clear and explicit manner, and to be in its terms unequivocal and determinate ; and if any conditions are annexed, they ought to be shown to be performed ; if there is no express promise, but a promise is to be raised by implication of law from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous subsisting debt, which the party is liable and willing to pay. If there be accompanying circumstances which repel the presumption of a promise or intention to pay ; if the expressions be equivocal, vague, and indeterminate, leading to no certain conclusion, but at best to probable inferences, which may affect different minds in different ways, we think they ought not to go to a jury as evidence of a new promise to revive the cause of action. Any other course would open all the mischiefs against which the statute was intended to guard innocent persons, and expose them to the dangers of being entrapped in careless conversations, and betrayed by perjuries." The acknowledgment in this case is unquestionable, and the promise explicit and clear.

But it is contended that neither the acknowledgment nor promise refer to any particular or definite debt, and that there is no means of applying them to the demand sued on. In Clark v. Dutcher, 9 Cow. 674, the court say, "it ought clearly to appear in all such cases, that the acknowledgment related to the identical debt or demand which is sought to be recovered upon the strength of it." On the other hand, it has been held that where the plaintiff proves a general acknowledgment of indebtment, the burden of proof is on the defendant to show that it related to a different demand from the one in controversy—2 Greenl. Ev. § 441; Whiting v. Bigelow, 4 Pick. 110; Bailey v. Crane, 21 Pick. 324; Woodbridge v. Allen, 12 Metc. 470; Frost v. Burgough, 1 Bing. 266. Now, in the case at bar, if the acknowledgment and promise were made in relation to the debt in suit they would be sufficient to remove the barrier of the statute, and create an action at law. Whether they referred to this debt or to some other, was a question of fact to be tried by a jury. As the plaintiff declared on a debt to which the acknowledgment might apply, the jury would be at perfect liberty to infer that this was the identical debt, and bring in their verdict accordingly, unless the defendant repelled the presumption or inference arising from the circumstances, by showing a different debt, in reference to which the acknowledgment or declaration was made.

Another position has been assumed by counsel, and that is, that the action should have been brought upon the promise, and not upon the original contract. Upon this point there have been conflicting decisions, but upon reason and the decided weight of authority we think the action was properly brought on the original contract or cause of action. The statute of limitations does not annihilate the debt, but suspends the remedy; the promise does not give any new cause of action, but simply revives the old cause, and is of no other use than to prevent the bar of the statute—Leaper v. Talton, 16 East. 423; Yea v. Fouraker, 3 Burr. 1099; Sluby v. Champlin, 4 Johns. 451; Shippey v. Henderson, 14

Johns. 178; Baxter v. Penniman, 8 Mass. 133; Low v. Shaler, 3 Conn. 131.

The judgment of the District Court must be affirmed. The other judges concur.

