## BENJAMIN L. T. BOURLAND, use, etc.

### *v.*

## HORACE R. KIPP *et al.*

1. SCIRE FACIAS—*to foreclose a mortgage—where the debt has been assigned.* The assignment of a note secured by mortgage does not prevent a foreclosure by *scire facias* in the name of the mortgagee for use of the assignee, the proceeding being upon the record of the mortgage and not upon the note.[*]

2. So in such a proceeding in the name of the mortgagee for the use of his assignee, a plea alleging the assignment and transfer of the note and mortgage to such assignee before the issuing of the writ is not availing as a plea in bar.

APPEAL from the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

This was a *scire facias* to foreclose a mortgage executed by Horace R. Kipp and E. D. Davison, in favor of Benjamin L. T. Bourland, to secure the payment to him of two certain promissory notes. Defendants, in their second plea, set up as a defense "that at the time of making the notes and mortgage in the *sci. fa.* mentioned, and before the issuing of the writ, the said Bourland assigned and transferred the said notes and mortgage to one A. B. Kipp," for whose use, in the name of Bourland, this proceeding was instituted. To this plea a demurrer was interposed, which was sustained by the court. Defendants abiding by their plea, final judgment was entered on the *sci. fa.* from which this appeal is prosecuted.

Messrs. BURNS & BARNES, for the appellants.

Messrs. BANGS & SHAW and Mr. M. L. NEWELL, for the appellee.

---

[*]See also *Camp et ux.* v. *Small, etc.* 44 Ill. 37.

PER CURIAM:—We can perceive no error in this record. The *scire facias* was sued out upon the record of the mortgage, and not upon the notes, consequently the second plea was no answer to the action, and the demurrer to it was properly sustained.

The judgment must be affirmed.

*Judgment affirmed.*