86 643
32a 263
86 643
98 542
86 643
132 537

</div>

MASTIN *et al.* v. BRANHAM, *Appellant.*

1. **Question of Law**: JURY: PRACTICE. Whether an instrument purporting to be an acknowledgment of a debt is sufficient to take it out of the bar of the statute of limitations is a question for the court, and whether the debt sued for is the one acknowledged is a question for the jury.

2. · **Statute of Limitations**: ACKNOWLEDGMENT OF DEBT, SUFFICIENCY OF. The acknowledgment to remove the bar of the statute of limitations (R. S., sec. 3248) must be in writing and signed by the party making it, and must be a direct and an unqualified admission of a subsisting debt which the signer is liable for and is willing to pay.

3. ———: ———. An acknowledgment will be sufficient although contained in an application made by a debtor to an insurance company for a policy on his life, when made at the request of the creditor and for his benefit.

4. ———: ———, The acknowledgment may be made before the debt is barred and when so made the statute of limitations will begin to run from the time of the acknowledgment.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL, Judge.

AFFIRMED.

*Tomlinson & Ross* for appellant.

(1) It is not necessary that the acknowledgement of indebtedness, to be sufficient to take a debt out of the operation of the statute of limitations, should contain a promise to pay the debt. It is only necessary that the indebtedness be acknowledged, and that the acknowledgment be not accompanied by a promise or condition unfulfilled, or anything calculated to rebut a presumption that the party is willing to pay the debt. R. S., sec. 3248; *Bell v. Morrison*, 1 Peters, 362; *Boyd, Adm'r of Carr, v. Hurlbut, Adm'x of Hurlbut*, 41 Mo. 264; *Chambers v. Rubey*, 47 Mo. 99. (2) An acknowledgment made to the creditor, or to his agent, or to a person in interest, or to a third party with the intention or purpose of having said acknowledgment acted upon, is sufficient. *Dinguid v. Schoolfield*, 32 Gratt. (Va.) 803; *Rogers v. Southern*, 4 Baxter (Tenn.) 67; *Palmer v. Butler*, 36 Iowa, 576; *Stuart v. Foster*, 18 Abb. (N. Y.) Pr. 305. (3) An acknowledgment of indebtedness is sufficient, even though it do not refer in express terms to the debt in question, provided reference to such debt were actually intended; and the burden of proving that the acknowledgment did not refer to such debt is on the debtor. *Warlick v. Peterson*, 58 Mo. 408. (4) An acknowledgment made before the bar of the statute has

attached, is sufficient to keep the remedy in existence for the statutory period, counted from the date of said acknowledgment. *Scott v. Ware*, 64 Ala. 174; *Patton v. Hassinger*, 69 Pa. St. 305; *Carlton v. Ludlow Woolen Mill*, 27 Vt. 496; *Craig v. Callaway County Court*, 12 Mo. 94; *Inhabitants of Bridgeton v. Jones et al.*, 34 Mo. 471.

*Fox & Jones* for respondent.

NORTON, J.—The action was begun on September 6, 1882. The cause of action is a promissory note, of which the following is a copy:

"3,000.00.          KANSAS CITY, Mo., Nov. 25, 1868.

"Four months after date I promise to pay to the order of John S. Branham three thousand dollars, without defalcation, value received, payable at the banking house of John J. Mastin & Co., in Kansas City, Missouri, with interest at the rate of ten per cent. per annum from maturity until paid.

"(Signed)          W. I. HAMILTON."

The note was endorsed by Branham; a waiver of protest signed by him was written on the back; also "Int. pd. Time extended to May 28, '69. J. J. M. & Co." The plaintiffs, respondents here, among other things, allege in their petition that within ten years prior to the date of the bringing of this suit, the defendant, by writing signed by him, acknowledged the indebtedness evidenced by said note. This is denied in defendant's answer and the bar of the statute of limitations pleaded. Trial by court without a jury.

To sustain the allegation that defendant, by a writing signed by him, had acknowledged the debt, plaintiffs offered in evidence a copy of part of an application for life insurance in the Connecticut Mutual Life Insurance Company, in words and figures as follows: "Application for insurance in the Connecticut Mutual Life

Insurance Company of Hartford, Connecticut. 1. Name of the person whose life is proposed for insurance. (Write name in full) John S. Branham. 2. How much insurance is desired? Ans. $4,000.00. 17. For whose benefit is this insurance effected? Ans. John J. Mastin & Co. Relationship to the life insured? Creditor. It is hereby declared and warranted that the above are fair and true answers to the foregoing questions, and that no statements respecting the physical condition, habits, personal or family history of the person whose life is proposed for insurance, other than those above made, have been made to any agent, solicitor, examiner, or other person in behalf of the company, and it is acknowledged and agreed by the undersigned that this application shall form a part of the contract of insurance, and that if there be in any of the answers herein made, any untrue or evasive statements, or any misrepresentations or concealments of facts, then any policy granted upon this application shall be null and void, and all payments made thereon shall be forfeited to the company; and it is further declared by the undersigned that the party making this application has an insurable interest in the life above proposed for insurance, to the full amount above applied for. Dated at Kansas City, Missouri, this eighteenth day of November, 1872. Signature of the person or persons for whose benefit the insurance is to be effected. (Write the name in full) John J. Mastin & Co. Signature of the person whose life is proposed for insurance. (Write the name in full). John S. Branham."

It was admitted by counsel for plaintiffs that the original of the above paper is, and has been ever since made, in the possession and under the control of the Connecticut Mutual Life Insurance Company, and defendant's counsel thereupon objected to the introduction of said copy in evidence, because the paper is not, nor does it contain a statement or acknowledgment made by

defendant to plaintiffs, or either of them, nor does it contain any promise or acknowledgment of indebtedness sufficient to take the case out of the operation of the statute of limitations. The court admitted the paper in evidence and defendant duly excepted to the ruling of the court.

Counsel then agreed upon the following matters of fact: A policy of insurance was issued on said application, insuring the life of said Branham for the benefit of John J. Mastin & Company, creditors, as their interest may appear. Said policy was surrendered by Branham and John J. Mastin & Company to the insurance company, January 30, 1882, and a full paid up policy for $733 in lieu thereof, written by the company on the life of said Branham, and payable to John J. Mastin & Company, as their interest may appear. Said last mentioned policy was dated February 3, 1882, and was delivered by said company to John J. Mastin & Company.

John J. Mastin then testified as follows: "When the note sued on was executed, the firm of John J. Mastin & Company was composed of John J. Mastin and Thomas H. Mastin. We were unable to make anything out of Hamilton, the maker of the note, and supposed him to be insolvent. The indebtedness referred to in the application for insurance was their note, upon which Branham was endorser, for Branham did not owe us then any other debt. I do not recollect the circumstances of making out the original application, except in a general way. I presume I suggested the matter to Branham, and that he and I made out the application in my office, in the presence of some agent of the insurance company, and handed it to the agent there. That would be the usual way. John J. Mastin & Company always paid the premiums when they became due, on the policy issued upon that application. When the old policy was given up, the new paid up policy for $733 was given us in lieu of the old one, and is in my possession."

Defendant offered no evidence, and the court entered up judgment for plaintiffs, after refusing the following instructions asked by the defendant:

"1.   The application for insurance in evidence is not an acknowledgment of indebtedness sufficient to remove the bar of the statute of limitations, or to take this case out of the operation of the statute, because there cannot be found in it (said application) an unqualified and direct admission of a debt subsisting when said application was made, on which defendant in said application states that he is liable and willing to pay to plaintiffs."

"2.   The application for insurance in evidence is not an acknowledgment of indebtedness sufficient to take the note sued on out of the operation of the statute of limitations, for the reason that there is no evidence tending to show that the application and the statements in it were made to plaintiffs, or to either of them, or to any agent of plaintiffs, for the collection of the debt, or to any person who had a legal or equitable interest in the debt."

"3.   An acknowledgment of indebtedness can only be relied on to remove the bar of the statute *after* it has attached.   The application for insurance is of no avail to plaintiffs, because when it was made the debt sued on was not barred."

Whether the acknowledgment in the application for insurance was sufficient to prevent the statute of limitations from operating as a bar to plaintiff's right of action, was a question of law, to be decided by the court, and whether the debt acknowledged related to the one sued for, was a question of fact, to be decided by the triers of the fact.   *Warlick v. Peterson*, 58 Mo. 408. The only question which the record in this case presents for determination is, whether the acknowledgment is sufficient in law to prevent the bar of the statute.   Under section 3248, Revised Statutes, an acknowledgment

of a debt, to prevent the bar of the statute, must be in writing and signed by the party making it; and under the rulings of this court in the cases of *Boyd, Adm'r of Carr, v. Hurlbut*, 41 Mo. 264, and *Chambers v. Rubey*, 47 Mo. 99, the acknowledgment must be of a present subsisting debt on which the law would imply a promise to pay, it being said in the case last above cited: "In the case of *Carr's Adm'r v. Hurlbut, Adm'r*, 41 Mo. 264, it was said that to take a case out of the statute of limitations, there should be either an express promise to pay, or an acknowledgment of an actual subsisting debt, on which the law would imply a promise. But if the acknowledgment was accompanied with conditions or circumstances which repelled or rebutted the presumption of a promise or intention to pay, or if the expressions used were vague, equivocal or ambiguous, leading to no or determinate conclusion, they would not satisfy the requirements of the statute. It is not necessary, however, that the promise should be express; it may be raised by implication of law, from the acknowledgment of the party. But such acknowledgment should contain an unqualified and direct admission of a present subsisting debt on which the party is liable and willing to pay."

Testing the acknowledgment in this case by section 3248, *supra*, and by the rulings made in the above cases, we must hold it to be sufficient. It is in writing, and signed by the party making it, and, in this respect, it is in strict compliance with the requirements of. the statute; and it fully answered the requirement of the rulings made in the above cited cases in this, that it not only contains a direct, unqualified admission that plaintiffs were the creditors of defendant (which can mean nothing else than that at the time it was made, defendant was indebted to plaintiffs, but it goes further and shows that the acknowledgment was made for the purpose of furnishing plaintiff a security

for the debt acknowledged, thus showing a willingness to pay it. But it is contended that the acknowledgment was made to the insurance company, a stranger, and not to plaintiffs, and that for that reason it was improperly admitted in evidence. Conceding, for the purpose of this case, that an acknowledgment of an existing debt to a mere stranger, in no way connected with the debt, in interest, or otherwise, would be insufficient to remove the bar of the statute, the principle invoked can have no application to the case before us, under the facts in evidence, which show that the application containing the acknowledgment was made at the request of one of the plaintiffs, that it was made out by one of the plaintiffs, and defendant, in plaintiff's office, in the presence of an agent of the insurance company, and after its completion was handed to the agent for the express purpose of having the company to act upon it for the benefit of plaintiffs. The application was but the initial step to the further step taken of having the policy, as a security for the debt, acknowledged. Mastin & Company were parties to this arrangement, paid all the premiums on the policy, which was finally surrendered to the company by plaintiffs and defendant, and a full paid up policy for seven hundred and thirty-three dollars in lieu thereof issued, payable to plaintiffs, creditors of said insured, as their interest might appear, and which policy was delivered to plaintiffs by said company. There were three parties to the transaction which culminated in the issuance of the policy, plaintiffs being one of them, and the only one who could derive a beneficial interest from the acknowledgment made in the application, and it was to secure this interest to plaintiffs that the acknowledgment was made at plaintiff's request to be acted on for their benefit. Hence we say that the rule invoked, even if it

Mastin v. Branham.

be as contended for by defendant's counsel, does not apply to this case.

It is also insisted that because the acknowledgment of the debt was made before the bar of the statute attached, it cannot have the effect of stopping the operation of the statute, and the case of *Elliott v. Leake*, 5 Mo. 208, is referred to as sustaining the proposition. It is true it is said in that case, that to take a case out of the statute "there must be an original debt *barred by the statute.*" This expression was a mere *dictum*, as the question before the court was whether or not the acknowledgment in that case, made long after the bar of the statute had attached, was sufficient; and there was nothing in the case calling for an expression of opinion as to what would be the effect of an acknowledgment of a debt made before the bar attached. Besides this, it has been held in the cases of *Craig v. Callaway County Conrt*, 12 Mo. 94, and *Inhabitants, etc., v. Jones*, 34 Mo. 471, that where a payment is made on a debt before the bar of the statute has attached, that the statute only begins to run from the time of such payment. We can perceive no reason why the same rule should not apply to an acknowledgment of a debt made before the bar has attached; indeed, that result would logically follow from the ruling made in the cases last cited. See, also, *Carlton v. Ludlow Woolen Mill*, 27 Vt. 496; *Scott v. Ware*, 64 Ala. 174; *Patton v. Hassinger*, 69 Pa. St. 311. Judgment affirmed, in which all concur.