Sarah E. Von Campe *et al.*

*v.*

The City of Chicago.

*Filed at Ottawa January 18, 1892.*

1. Limitation—*mortgage—when barred.* Where a mortgage of a lot given to secure the payment of a sum of money provides against any personal liability of the mortgagor or his assigns for the debt, making the lot the only security or property out of which to make the debt, a proceeding to foreclose such mortgage will be barred in ten years after the right of action accrues. In such case, the absence from the State or non-residence of some of the remote grantees of the mortgagor will not arrest the running of the statute. Such grantees are not the persons against whom the cause of action has accrued.

2. But when the mortgage is for the payment of a sum of money not otherwise evidenced, and contains no personal covenant of the mortgagor to pay, and it is provided that no property of the mortgagor or his assigns, except that described in the mortgage, shall be subject to the payment of the debt therein named, and that no suit shall be brought against him or his assigns for the recovery of said indebtedness, except so far as may be necessary to enforce the lien of the mortgage, there being no personal liability to be barred, there was no limitation law applicable to such a mortgage prior to the act of 1872. Such a mortgage is no evidence of indebtedness.

3. Same—*prior to 1872.* Prior to the act of 1872, mortgages to secure the payment of notes or bonds were barred within sixteen years after the maturity of the debts secured, and a mortgage referring to no notes or bonds, but containing a personal covenant to pay the debt therein named, stood upon the same footing, and was barred when the covenant therein was barred.

4. Same—*section 24 of the act of 1872 construed.* The provision in section 24 of the Limitation act of 1872, that "this section shall not be construed so as to affect any rights or liabilities or any causes of action that may have accrued before this act shall take effect," is to be construed to mean that the act shall not be construed so as to affect any rights, etc., which accrued before it took effect.

5. Section 24 of the act of 1872, as above construed, is applicable only to cases included in prior limitation acts, and the period of limitation specified in the act of 1872 must be applied to cases not included in such previous act.

6. Same—*law applicable to mortgage given in 1848.* Where a mortgage was given in 1848 to secure notes not maturing until in 1876, it will not be governed by the limitation law of 1872, but the sixteen years limitation law of 1845 will apply.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. Lorin C. Collins, Judge, presiding.

This is a bill filed in the Circuit Court of Cook County on February 11, 1889, by the City of Chicago against Orrington Lunt, Sarah E. Von Campe, H. Von Campe, her husband, Augusta L. Von Alten, Eberhardt Von Alten, her husband, and Frank L. Stevens to foreclose the five mortgages hereinafter described upon parts of wharfing lots 24 and 25 in the City of Chicago. All the defendants answered, and, after proofs taken and hearing had, the Circuit Court rendered a decree of foreclosure in accordance with the prayer of the bill, which decree has been affirmed by the Appellate Court. From the judgment of the latter Court the cause is brought here by appeal.

On April 1, 1848, the City of Chicago executed to said Lunt, in consideration of $5000.00 secured by said mortgages, a conveyance of the westerly half of said lot 24 and the easterly three fourths of said lot 25, which was recorded in Cook County on November 4, 1858, and re-recorded on July 9, 1872. Thereupon Lunt executed back to the City five mortgages dated April 1, 1848, each for the sum of $1000.00, upon different parts of said premises. These mortgages were recorded on November 4, 1858. Each mortgage contained, among others the following recitals and provisions.:

"Whereas, the said party of the first part is justly indebted to the said party of the second part, in the sum of $1000, with interest at the rate of six per centum per annum, payable quarter-yearly, on the first days of May, August, November and February in every year, until the whole sum, principal and interest, shall be fully paid, being for the amount agreed

to be paid by said party of the first part to said party of the second part, for the conveyance to said party of the first part, by said party of the second part, of the premises hereinafter described:

"Now, therefore, this indenture witnesseth, * * * *Provided,* * * * that if the said party of the first part, his heirs * * * or assigns, shall well and truly pay or cause to be paid to the said party of the second part * * * the aforesaid sum, with interest, at the times * * * aforesaid, * * * then these presents * * * shall be absolutely void; and upon this further condition, that so long as said party of the first part, his heirs * * * or assigns, shall promptly pay the interest to become due on said sum of money on the days it respectively falls due, * * * and shall pay all taxes and assessments legally levied or assessed on the said premises as they become due and payable, said city of Chicago * * * shall forbear and delay the payment of said principal sum, and shall only require the payment of the interest thereof at the times and in the manner aforesaid; but if default shall be made in the payment of said interest, or any part thereof, on the day or date it falls due, respectively, and a demand thereof shall be made upon the premises herein described, then the whole of said sum, principal and interest, herein mentioned, shall forthwith become due and payable; and from thenceforth it shall be lawful for the said party of the second part * * * to enter upon the premises, and the same from thenceforth peaceably to have and enjoy, and the rents, issues and profits thereof to receive to its own use, without any hindrance, * * * and to sell and dispose of the same, * * * and out of the money arising from such sale to retain the principal and interest, etc. * * * But until default shall be made * * * it shall be lawful for the said party of the first part, his heirs and assigns, * * * to * * * possess and enjoy the said premises," etc.

Attached to each mortgage, and after the signature of the mortgagor thereto, was the following stipulation signed by the mortgagor and the Mayor of the City:

"It is hereby stipulated between the parties to the foregoing indenture, that nothing therein contained shall be so construed as to subject any property of the parties of the first part thereto, or of their heirs, executors, administrators, devisees or assigns, except that described in said indenture, to the payment of the indebtedness therein mentioned, nor shall any suit be instituted against him or them for the recovery of said indebtedness, except so far as may be necessary to enforce the lien of the city of Chicago, its successors or assigns, upon the property described in said indenture, to secure the payment of said indebtedness."

On March 9, 1872, Lunt and wife conveyed the premises to George E. Purrington and Abner Scranton for an expressed consideration of $45,000.00, which deed was acknowledged on June 24, 1872, and recorded July 9, 1872, and contained, among others, the following condition: "Subject, however, to five mortgages, all dated April 1, 1848, for the sum of $1000 each, given by Orrington Lunt to the city of Chicago, bearing interest at six per cent per annum, payable quarterly—which said mortgages, amounting to $5000, and the indebtedness thereby secured, the said parties of the second part hereby assume and agree to pay."

By trust deed dated and recorded August 10, 1872, Purrington and Scranton conveyed the premises to Hugh A. White, as trustee, to secure an indebtedness of $40,000.00, represented by four bonds of $10,000.00 each payable to the order of Louisa P. Bigelow. By trustee's deed, dated July 9, 1879, and recorded July 28, 1879, executed, in pursuance of a sale made under said trust deed, by the said White, trustee, the premises were conveyed to Sarah E. De Haven, (now Sarah E. Von Campe) and Joseph E. De Haven. Joseph E. De Haven appears to have made a conveyance to Augusta L. De Haven,

(now Augusta L. Von Alten). It also appears that the indebtedness secured by said trust deed was owned by said Sarah and Augusta, who were then minors, (or by their guardians for them) before the said trustee's sale, and that possession of the premises was taken in their behalf by White in the winter of 1878.

By decree rendered on March 23, 1887, by the Circuit Court of Cook County in a partition proceeding thereon, the westerly half of lot 24 and the easterly quarter of lot 25 were set off to said Sarah, and the westerly two thirds of the easterly three fourths of lot 25 were set off to said Augusta. By deed dated August 8, 1888, and recorded October 9, 1888, Mrs. Von Campe and her husband conveyed her share to said Stevens. She and her sister, Augusta, married citizens of Germany and reside abroad. They were not in the United States from 1874 to 1879, but arrived here in 1880. The testimony tends to show that they still reside abroad. After the sale in 1879, they were in possession through their tenants and paid all taxes and assessments through White as their agent from 1880 to 1887 inclusive. After the partition each was in possession and paid taxes on her portion.

Mr. A. M. Pence, for the appellants:

There being no former statute to limit an action on a mortgage, the statute of 1872 applies to this case. *Hyman* v. *Bayne*, 83 Ill. 256; *Gridley* v. *Barnes*, 103 id. 216; *McMillan* v. *McCormick*, 117 id. 79; *Dickson* v. *Railroad Co.* 77 id. 331.

Messrs. Wilson & Zook, also for the appellants:

When the debt is barred the mortgage is also barred. The debt, if there was any, is barred.

There being no personal obligation to pay the alleged indebtedness, and no possession taken, the mortgage is barred by the statute of 1872. *McMillan* v. *McCormick*, 117 Ill. 79.

Mr. John S. Miller, and Mr. George A. DuPuy, for the appellee.

Mr. Chief Justice Magruder delivered the opinion of the Court:

The mortgages, which this bill was filed to foreclose, are dated April 1, 1848, and were executed when the limitation law of 1845 was in force.

The interest on each of them was paid up to August 1, 1876, but since the latter date no interest has been paid, either by the original mortgagor, or any of his grantees. August 1, 1876, is conceded to be the date of the default in the payment of the interest. The main defense made is, that this suit is barred by section eleven of the Limitation Act of April 4, 1872, inasmuch as the bill was not filed until nearly thirteen years after the cause of action accrued. Section 11 is as follows: "No person shall commence an action or make a sale to foreclose any mortgage, or deed of trust in the nature of a mortgage, unless within ten years after the right of action or right to make such sale accrues." Section 24 of the same Act provides as follows: "But this section shall not be construed so as to affect any rights, or liabilities, or any causes of action, that may have accrued before this Act shall take effect." The words, "this section," as used in section 24, are to be construed as meaning "this Act." (*Dickson* v. *C., B. & Q. R. R. Co.* 77 Ill. 331.)

If these mortgages had been given to secure promissory notes dated April 1, 1848, and if such notes had not matured, or a right to sue upon them had not accrued, until April 1, 1876, they would be governed by the limitation law of 1845, and not by that of 1872. The right of the holder to sue upon each of such notes and the liability of the maker to be sued upon each of them at any time within sixteen years after the cause of action should have accrued thereon, would have existed at the date of their execution on April 1, 1848, and

would not have been affected by the Act of 1872. Such was the intention of the legislature as expressed in the saving clause of section 24. It was so decided in *Means* v. *Harrison,* 114 Ill. 248, where the difference in meaning between the words, "rights or liabilities," and the words, "causes of action;" is pointed out and commented upon.

It has been held, that section 24, as above construed, is applicable only to cases included in previous limitation Acts, and that the periods of limitation specified in the Act of 1872, must be applied to cases not included in such previous Acts. (*Hyman* v. *Bayne,* 83 Ill. 256; *Gridley* v. *Barnes,* 103 id. 211; *McMillan* v. *McCormick,* 117 id. 79; *Schifferstein* v. *Allison,* 123 id. 662.)

In *McMillan* v. *McCormick, supra,* it was decided that mortgages were embraced within the meaning of the Acts of limitation which had been in force before the Act of 1872 was passed, and were barred by such previous laws, upon the ground that the mortgage was a mere incident to the debt, and that, where a note, or bond, the payment of which was secured by a mortgage, was barred by the statute, the mortgage itself would also be barred. In that case we said: "And hence when it was enacted the debt was barred in sixteen years, it was meant and intended the mortgage, or deed of trust, securing it, was also, by the same words, barred in sixteen years. In naming the principal thing its incident is included." (*Medley* v. *Elliott,* 62 Ill. 532.) So, again, in *Schifferstein* v. *Allison, supra,* we said, "that, though the words "mortgage" and "deed of trust" were not specifically named, they were in fact included in preceding limitation Acts as inseparable to the debts named in those Acts." (2 Jones on Mtges. sec. 1207.)

In the case at bar, however, the mortgages do not describe any notes, or bonds, or recite that they are made to secure any notes or bonds; nor, in fact, is the indebtedness named in them evidenced by any notes, or bonds, or other written instruments, except the mortgages themselves. It has been

said, that, where the mortgage contains a covenant for the payment of the debt, "the instrument would be in nowise, so far as effects this question, different from any others specially for the payment of money, and therefore the statute of limitations applicable to instruments of that character in general, would be applicable to it." (*McMillan* v. *McCormick, supra.*)

Any words, such as "I covenant," "I agree," "I bind myself," plainly showing an intent to be bound, raise an express covenant. Here, in each of the mortgages, the mortgagor acknowledges himself to be indebted to the city in a certain sum with interest payable on certain days, "being for the amount *agreed* to be paid by" him to the City for a deed of the premises therein described. There is also a proviso that, if the mortgagor or his assigns shall well and truly pay such indebtedness to the city, then "these presents shall be absolutely null and void." It is questionable whether all the words of the mortgage construed together can be regarded as amounting to a covenant to pay the debt named in the mortgage. But if they could be so regarded, it is nevertheless true, that such covenant cannot possibly impose any personal liability upon the mortgagor under the terms of the mortgage and of the stipulation appended to it. It is expressly agreed, that no property of the mortgagor or his assigns, except that described in the mortgage, shall be subject to the payment of the indebtedness therein named, and that no suit shall be brought against him or his assigns for the recovery of said indebtedness, except so far as may be necessary to enforce the lien of the mortgage upon the property therein described. (2 Jones on Mtges. sec. 1225).

The language of the stipulation deprives the city or its assigns of any remedy, or form of action, except ejectment or a bill to foreclose, or a proceeding by *scire facias.* The mortgage and stipulation secure no personal obligation of the mortgagor, but relieve him of all personal obligation. There is no indebtedness specified in the mortgage, nor any evidence of

indebtedness created by it, upon which an action at law can be brought. There is no debt which can be considered as the principal, to which the mortgage is an incident. The *scire facias*, authorized by the Act of 1845 in relation to judgments and executions, and by the Mortgage Act of 1874, is not an action in the ordinary sense of that term, but a proceeding. *in rem.* Where the mortgage secures notes, the scire facias is sued out upon the record of the mortgage, and not upon the notes. (*Menard* v. *Marks,* 1 Scam. 25; *Bourland* v. *Kipp,* 55 Ill. 376).

None of the limitation Acts, which preceded the Act of 1872, apply to mortgages, such as those now under consideration, which do not secure personal obligations, or provide for personal liabilities. Section 4 of the Act of 1845 (Rev. Stat. of 1845, page 349) provides, that every action of debt or covenant founded upon any single or penal bill, promissory note, or writing obligatory for the direct payment of money, or the performance of covenants, shall be commenced within sixteen years after the cause of action shall have accrued, and not after. This Act is not applicable to the present case. No action of debt or covenant could be brought upon either of these mortgages. They are not single or penal bills, or promissory notes, or writings obligatory for the direct payment of money. We said in *Schifferstein* v. *Allison, supra:* "An ordinary mortgage or deed of trust is not an evidence of indebtedness."

In *Hall* v. *Byrne,* 1 Scam. 140, where a statute provided, that a failure or want of consideration might be pleaded in any action upon a note, bond, bill, "*or other instrument in writing* for the payment of money, or property, or the performance of covenants or conditions," etc., this Court held, that a mortgage of lands was not such an instrument in writing as was contemplated by the Act, and that, had the legislature intended to refer to mortgages, they would have been enumerated. In *Woodbury* v. *Manlove,* 14 Ill. 213, a statute, allowing a plea

24—140 Ill.

of set-off in any action "upon any *contract or agreement either express or implied*," was held not to apply to mortgages. To the same effect is *Carpenter* v. *Mooers*, 26 Ill. 162.

The Act of February 10, 1849, which provides that all actions founded on any promissory note, bill of exchange, book account or simple contract shall be commenced within five years next after such action shall have accrued, and not after, has no application here. A mortgage, being a deed and under seal, is not a simple contract. But if the Act of Feb. 10, 1849, was applicable, the present suit would be barred, because more than five years have passed since April 1, 1876.

The Act of November 5, 1849, provides "that all actions founded upon any promissory note, simple contract in writing, bond, judgment or other evidence of indebtedness in writing made, caused or entered into *after* the passage of this Act, shall be commenced within sixteen years after the cause of action accrued and not thereafter." This Act has no application, as the present mortgages were made or entered into *before* November 5, 1849, towit on April 1, 1848.

The Act of February 17, 1851 has no application. Its first section refers to causes of action accruing while the Act of February 10, 1849, was in force. If the second section could be held to be applicable to these mortgages, it would subject them to the provisions of the Act of February 10, 1849, and, in such case, the right to sue upon them was barred at the end of five years after August 1, 1876.

There is no other law than those named, which has sufficient bearing upon the questions involved to justify any mention.

As no limitation Act existed before the passage of the Act of 1872 which included these mortgages, it follows that the saving clause of section 24 does not apply to them, and they must be regarded as barred by Section 11 of the Act of 1872.

Section 18 of the Limitation Act of 1872 has no application to the absence from the State, or non-residence, of remote grantees or assigns of the mortgagor, when they have acquired

their interest in the equity of redemption after the cause of action has accrued, and when neither they nor the original mortgagor have assumed any personal liability to pay the debt secured by the mortgage. They are not the persons against whom the cause of action has accrued within the meaning of section 18.

In view of the conclusion here reached it is unnecessary to consider any of the other defences made to the bill.

The judgment of the Appellate Court and the decree of the Circuit Court are reversed, and the cause is remanded to the Circuit Court with directions to proceed in accordance with the views herein expressed.

*Judgment reversed.*