**Emil SCHEELE and Helen Scheele (Plaintiffs), Respondents,**

v.

**John F. LONG, Gilbert Getz, Arthur A. Becker, Lon E. Mitchell, and Park-Davis Truck Lines, Inc., a corporation, Defendants,**

**Gilbert Getz, Appellant.**

No. 29135.

St. Louis Court of Appeals.

Missouri.

Sept. 20, 1955.

Rehearing Denied Oct. 13, 1955.

See also Mo.App., 244 S.W.2d 395.

Not to be reported in State Reports.

Rosenblum & Goldenhersh, Merle L. Silverstein, St. Louis, for appellant.

William A. Ratican, St. Louis, for respondents.

ANDERSON, Presiding Judge.

This is an action to recover the balance due on a loan. The suit was originally brought against John F. Long, Gilbert Getz, Arthur A. Becker, Lon E. Mitchell, and Park-Davis Truck Lines, Inc. During the trial plaintiffs dismissed as to defendants

Lon E. Mitchell and Arthur A. Becker. At the close of plaintiffs' case the court sustained a motion for a directed verdict filed by defendant Park-Davis Truck Lines, Inc., and the cause proceeded against the two remaining defendants. The jury returned a verdict in favor of plaintiffs and against defendants Long and Getz in the sum of $4,081.56 and, as directed, found for defendant Park-Davis Truck Lines, Inc. Judgment was entered on the verdict and defendant Getz alone has appealed.

During the year 1943 Emil Scheele and Helen Scheele, husband and wife, owned and operated a tavern and restaurant at 1930 North Ninth Street in the City of St. Louis. Mrs. Scheele actually managed the business, except that her husband (who was employed elsewhere) assisted her in the evenings.

Arthur Becker, John Long, and Gilbert Getz at that time were in the trucking business, operating as a partnership under the name of A. E. Adams Motor Service Company. This partnership was formed in 1941. One of the original partners was Lon E. Mitchell, but he withdrew from the partnership in 1942 when Mr. Getz purchased his interest.

Arthur Becker, John Long, and Lon Mitchell were plaintiffs' customers. On September 7, 1943, Mr. Long, Mr. Becker, and Mr. O'Brien who was a bookkeeper for the partnership, were in plaintiffs' place of business, and at said time Mr. Long requested a loan of $3,500 from Mrs. Scheele. The latter stated that she would consult her husband about the matter. She did this and, after securing her husband's approval, made the loan. She delivered the money to Mr. Long, at which time Mr. Long promised to deliver a note to her for the sum borrowed. This money was then deposited by Mr. Long to the partnership account in the Northwestern Bank. A few days later Mr. Long gave Mrs. Scheele a chattel mortgage on two Chevrolet trucks and two trailers. He also gave her the certificates of title to said trucks. These certificates of title were later given back to Mr. Long. The chattel mortgage was in conventional form, conveying the property to plaintiffs—

"Upon the condition, nevertheless, that if the said mortgagors, or their legal representatives, shall well and truly pay unto the said mortgagees, or to their successors or assigns of said mortgagees, the sum of Thirty-five Hundred Dollars ($3500.00), evidenced by a promissory note of even date herewith, executed by the mortgagors to the order of the mortgagees, and bearing interest at the rate of six per cent per annum from date to maturity, and eight per cent per annum thereafter until paid, and payable in seventeen consecutive monthly installments of Two Hundred Twelve Dollars ($212.00) each, and the last monthly installment of Two Hundred Eleven Dollars ($211.00), on the —— day of each month commencing on the —— day of October, 1943, then this mortgage to be void; otherwise to remain in full force and effect.

\* \* \* \* \* \*

"If the mortgagors shall make default in the payment of the note aforesaid, \* \* \* then in any of said events all of said installments shall at the option of the holder thereof, without notice of said option to any one, become at once due and payable and the then holder of the said note shall thereupon have the right to take immediate possession of said property (and also all removable equipment which may hereinafter be attached thereto), and for that purpose may pursue the same whenever the same may be found, and with or without legal proceedings may enter any premises where said property may be found and take possession and control thereof.

"Upon taking possession of said property, or any part thereof, as above provided, said mortgagees or assigns may, with or without notice, proceed to sell said property, or any part there-

of at public auction, private sale or otherwise, at their option, to the highest bidder for cash, at any place designated by said mortgagees or assigns, and said mortgagees or assigns may become purchasers at said sale. The proceeds of said sale shall, first, be applied to the payment of the necessary costs and expenses incurred by said mortgagees or assigns, next to the payment of the indebtedness herein secured, and the remainder, if any, shall be paid over to the undersigned.

&ast; &ast; &ast; &ast; &ast; &ast;

"Executed this 7th day of September, 1943.

"John F. Long

"Lon E. Mitchell per Gilbert Getz

"Arthur A. Becker."

No note or other writing was ever given plaintiffs for the indebtedness in question. Thereafter, $1,000 was paid on this indebtedness, the last payment being made some time in the year 1944. This suit was filed January 18, 1950.

In 1944 the partners, Long, Becker and Getz, organized the A. E. Adams Transport Company, a corporation, and transferred the assets of the partnership to said corporation. In 1946 Park-Davis Transport Lines, Inc., purchased the Interstate Commerce Commission permit owned by the A. E. Adams Transport Company for $17,500. Thereafter, A. E. Adams Transport Company sold its equipment to others and went out of business.

Plaintiffs' petition was drawn on the theory that the mortgagors had by executing said mortgage expressly contracted in writing to pay the amount borowed. The defendant Getz, appellant herein, set up the five year statute of limitations, Section 516.120 RSMo 1949, V.A.M.S., as a bar to plaintiffs' action.

▮ Appellant's first point is that the court erred in refusing to sustain his motion for a directed verdict. In support of this assignment it is urged that plaintiffs' action is barred by Section 516.120 RSMo 1949, V.A.M.S. Said section bars, after five years from the date of accrual, "All actions upon contracts, obligations or liabilities, express or implied, except those mentioned in section 516.110, * * *." Section 516.110 RSMo 1949, V.A.M.S., is the ten-year statute and allows suits to be brought within ten years "upon any writing, whether sealed or unsealed, for the payment of money or property".

The question for decision then is whether the chattel mortgage in suit is a "contract in writing" to pay the sum of money therein mentioned. The principles to be applied are found in the decision of our Supreme Court in Lively v. Tabor, 341 Mo. 352, 107 S.W.2d 62, 66, 111 A.L.R. 976, wherein it is said:

"To come within the ten-year statute, 'it must appear * * * that the money sued for is promised to be paid by the language of the writing sued upon'; and 'unless the payment of the money sued for was promised by the terms of the writing, either in express language or by language which is tantamount or equivalent to such promise,' the ten-year statute does not apply. 'If a promise to pay the money sued for does not arise from the language of the writing itself, but the obligation or liability of defendant therefor is one implied by law from the transaction or one that arises only upon proof of extrinsic facts,' then the action is within the five-year statute."

The precise question which is now before us was decided in the case of Alcwell v. Johnson, 212 Mo.App. 211, 253 S.W. 161. In that case plaintiff was the holder of a promissory note which was secured by a chattel mortgage on certain household goods. There was a default in payment and plaintiff sued in replevin for possession of the mortgaged property. The suit was brought more than five years after the cause of action accrued, but before the note and mortgage were barred. We held that, although plaintiff's right to possession

accrued under the mortgage, the ten-year statute was not applicable for the reason that the mortgage was not a contract "for the payment of money or property," but that the action was barred under Section 1317 R.S.1919 (now Section 516.120 RS 1949, V.A.M.S.).

In Harper v. Eubank, 32 Mo.App., 258, another case by this court, it appears that plaintiff was compelled to pay $125 as surety for John Eubank and John W. Colburn. The latter was deceased, and Eubank gave plaintiff a chattel mortgage on certain property to secure whatever sum plaintiff should fail to obtain from the Colburn estate, which mortgage provided that if the mortgagor should fail to pay same to plaintiff, the latter could take possession of the property and sell same, etc. Plaintiff received no money from the Colburn estate and brought action against Eubank, alleging a contract by defendant to pay him said $125. There was a plea of the ten-year statute of limitations. The trial court found for defendant on the ground that the mortgage and contract did not contain a promise to pay the debt sufficient to take it out of the five-year statute of limitations. This court affirmed and held that, under the facts, the action would have been barred by the five-year statute had the defendant pleaded same, but in any event it was barred by the ten-year statute. In passing judgment, the court said: 32 Mo.App. loc. cit. 263.

"The plaintiff's cause of action, if any he has, is the obligation which the law imposes upon a principal debtor to reimburse his surety who has paid it for him. This obligation arises when the surety pays the debt, and, as it is not founded upon a written promise, it is subject to the operation of the statute of limitations of five years. R. S., sec. 3230. Beyond question, the chattel mortgage, reciting the existence of the indebtedness and pledging certain property to secure so much of it as should not be paid out of the estate of the defendant's co-debtor, was such an acknowledgment in writing of the debt as postponed the commencement of the running of the statute of limitations to the date of the mortgage. Mastin v. Branham, 86 Mo. 643. But the chattel mortgage was not a new contract to pay the debt; it did not create a new cause of action; it did not shift the cause of action from one subject to the statute of limitations of five years to one subject to the statute of ten years. The cause of action continued to be subject to the statute of five years."

In the chattel mortgage under consideration there is no express covenant or promise on the part of the mortgagors to pay the amount of the debt secured. Nor can any such promise be implied from the language of the instrument. It is true the debt is mentioned, and the terms of payment described, but only for the purpose of identifying the debt as the thing secured. We are not disposed to depart from our previous rulings hereinbefore mentioned, which are in line with the decisions of other states. Rhodes v. Cannon, 112 Ark. 6, 164 S.W. 752; Coleman v. Fisher, 67 Ark. 27, 53 S.W. 671; Union Water Co. v. Murphy's Flat Fluming Co., 22 Cal. 620, 621; Von Campe v. City of Chicago, 140 Ill. 361, 29 N.E. 892.

Plaintiffs' action is barred by Section 516.120 RSMo 1949, V.A.M.S.

The trial court erred in refusing to sustain appellant's motion for a directed verdict. This conclusion renders it unnecessary to consider or decide any of the other alleged errors assigned by appellant in his brief.

The judgment appealed from is reversed as to defendant Gilbert Getz.

SAM C. BLAIR and FRANKLIN FERRISS, Special Judges, concur.