JOHN B. FLEMING, Appellant, *v.* JOHN C. LULLMAN, AD-MINISTRATOR, Respondent.

### November 1, 1881.

1. A discharge in bankruptcy operates as a discharge of all debts of the bankrupt which were duly scheduled.

2. A new oral promise to pay a debt discharged in bankruptcy, is the only cause of action, and is barred in five years.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Affirmed*.

R. M. NICHOLS, for the appellant: The original debt, as evinced by the certificates of deposit, or the original contract, for the purpose of the remedy is the "cause of action," yet the right to maintain that action arose when the promises was made, not, however, upon the promise but upon the original contract. — *Dusenbury* v. *Hoyt*, 53 N. Y. 521; *Marshall* v. *Cray*, 74 Ill. 379; *Turner* v. *Moore*, 20 Ohio, 333; *Carr* v. *Hurlbut*, 41 Mo. 264; Smith's Ld. Cas. 616; *Sands* v. *Gelston*, 15 Johns. 519; *Depuy* v. *Swart*, 13 Wend. 135. It is settled in this State that a

promise to pay a debt barred by statute of limitations does not create a new contract. — *Carr* v. *Hurlbut*, 41 Mo. 264. That a promise by an infant does not create a new contract. — *Highly* v. *Barron*, 49 Mo. 103. That a promise by a discharged indorser does not create a new contract. — *Williams* v. *Kortsendorffer*, 47 Mo. 70.

TAYLOR & POLLARD, with MARTIN & LACKLAND, for the respondent: Where one discharged in bankruptcy subsequently promises to pay his debt, this new promise constitutes the cause of action. — *Fraley* v. *Kelley*, 67 N. C. 81 ; *Field's Estate*, 2 Rawle, 357 ; *Watkins* v. *Stevens*, 4 Barb. 74 ; *Stewart* v. *Reckless*, 24 N. J. L. 429 ; *White* v. *Cushing*, 30 Me. 269 ; *Egbert* v. *McMichael*, 9 B. Mon. 45.

BAKEWELL, J., delivered the opinion of the court.

This was a proceeding begun in the probate court to obtain an allowance against the estate of George C. Miller, deceased, on three certificates of deposit. On trial anew in the circuit court the claim was disallowed.

One of the certificates was as follows : " $1,033.09. Banking-House of Miller & Karst, St. Louis, Mo., October 6, 1865. — Fleming & Lockhardt have deposited with us one thousand, thirty-three, and nine one-hundredths dollars, payable to the order of themselves, on return of this certificate, six years after date, with interest at the rate of no per cent per annum. Miller & Karst." The others were of like tenor.

The evidence was that Miller obtained his discharge in bankruptcy on July 9, 1868. In 1872, he orally promised plaintiff to pay the debt.

The only question presented by the record is a legal one as to the effect of the oral promise. If that promise operated as a waiver of the discharge in bankruptcy, the right of action is upon the certificates of deposit, and the statutory limitation of ten years was, in that case, no bar to the

action ; but if the cause of action is the new promise, the statute began to run in 1872, and the limitation of five years applies, and the action was confessedly barred at the time the claim was presented.

It would seem that a discharge in bankruptcy is a complete discharge of the debt. Where the debt is barred by the statute of limitations, the new promise merely restores the remedy which had been taken away by the statute. In both cases, it was held proper, under the old system of pleading, to declare on the original promise. Then, if defendant pleaded the statute of limitations, plaintiff replied generally that the cause of action did accrue *infra sex annos*, and gave evidence, under this replication, of the new promise.

It may be said that this seems to be an anomaly in pleading — that, if the replication sets forth the only enforceable and only real cause of action, and is therefore treated as the real declaration, there seems to be a departure, and the rule of pleading adopted in such cases is not founded on sound reasoning. Such, however, was the rule. 1 Chitty, 54 ; *Sands* v. *Gelston*, 15 Johns. 519 ; *Depuy* v. *Swart*, 3 Wend. 141 ; 9 Wend. 297.

And perhaps the rule, on examination, will be found not to be so illogical as it may at first appear. Even where the old debt is revived, the better view is, that there is a new cause of action. In *assumpsit*, the pleading is so general as to admit of any proof that shows an obligation founded on the consideration between the parties as set forth in the declaration. Plaintiff is not restricted in proof as to time and amount, and may recover on any debt corresponding to that declared on. A new promise *infra sex annos*, introduces no new consideration, and merely establishes the existence of a liability answering to that averred in the declaration. A declaration in *assumpsit* may be good without the allegation of a promise. The omission is one of form ; the law supplies the implied promise by intendment,

and the formal defect could be reached only by special demurrer. A subsequent promise shows a liability · corresponding to that alleged in the declaration ; and enables the law to imply a promise within a time fixed by the statute. The rule as to variance, however, fully applies whenever the new promise shows a liability not corresponding with that alleged in the declaration. Smith's Ld. Cas. 617. Where the subsequent promise is effectual, it is, therefore, sufficient, under the common-law rules of pleading, to declare upon the original consideration, unless where the promise is conditional, in which case the creditor must declare specially. 1 Chitty, 54.

In Kentucky ( *Graham* v. *Hunt*, 8 B. Mon. 7) and in New Jersey (*Stewart* v. *Reckless*, 24 N. J. L. 427), it is held that the new promise is a new contract, supported by the moral consideration, and that it is the only cause of action.

In the case of *Field's Estate* (2 Rawle, 356), Chief Justice Gibson says : " It seems to be agreed that a debt discharged by a certificate of bankruptcy is a valid consideration for a promise. How this opinion came to be adopted I am at a loss to imagine. * * * But whatever we may suppose the law ought to have been, it is settled by a train of decisions not now to be questioned, that a debt discharged by a certificate of bankruptcy, is an available consideration for a new promise. Still, the new promise, and not the old debt, is substantially the meritorious cause of action, though it may be treated differently in the pleadings. The form of the declaration was doubtless produced by a notion which long prevailed, that a debt, although barred, might nevertheless be *revived*, by any acknowledgment which amounted to a waiver of the bar. This notion is now exploded, both here and in England ; it being held, almost universally, that a recovery can be had only on a new promise of which an acknowledgment of indebtedness may be evidence. Still the anomaly of declaring on the old promise remains."

The question whether the new promise is the real cause of action and the discharged debt the consideration that supports it, or whether the new promise operates as a waiver of the defence given by the discharge against the original demand, has occasioned great diversity of opinion. In New York and other States, the former view is adopted, even where it is held that the original demand may be treated as the cause of action for the purposes of the remedy. *Dusenbury* v. *Hoyt*, 53 N. Y. 521.

Though the case is not clear upon authority, since the adjudications conflict, and opposite views are held by the courts of last resort in the several States of our Union, we are inclined to think that it is more in accordance with the reason of the matter to hold that the action can be maintained only upon the new promise. The original cause of action being discharged by the certificate in bankruptcy, was gone altogether. The new promise was, therefore, the cause of action, and the only cause of action; and, as it was oral, and made more than five years before suit brought, it is barred by the express terms of our statute. It is immaterial that it be considered as a new cause of action based upon the old contract. If it be the cause of action in the case it is barred. Rev. Stats., sects. 3228, 3229.

The judgment is affirmed, with the concurrence of all the judges.