EZRA HARPER, Appellant, v. JOHN EUBANK, Respondent.

St. Louis Court of Appeals, October 30, 1888.

1. **Practice, Trial**: CAUSE OF ACTION. A suit for recovery of a debt must be brought on the original cause of action, and not on a subsequent acknowledgment of indebtedness.

2. **Statute of Limitations**: OPERATION AND METHOD OF PLEADING. The statute of limitations only suspends the remedy against the defendant when he so elects. In resting upon it, he must plead the particular period of limitation which he chooses to invoke, and can avail himself of no other.

3. **Limitation**: REIMBURSEMENT OF SURETY. The obligation of a principal debtor to his surety who has paid the debt for him is subject to the statute of limitations of five years. A chattel mortgage given to secure the obligation may be effectual as a new promise, to prevent the running of the statute up to the date of the mortgage. But it cannot operate as a promise in writing, so as to introduce the ten-year limitation on the same indebtedness.

4. **Limitation**: POSTPONEMENT BY COLLATERAL UNDERTAKING. A chattel mortgage containing an undertaking that the debtor will be responsible for so much of the indebtedness as the creditor may fail to realize from another source does not prevent the creditor from suing at any time, and does not prevent the statute from running until it is ascertained that no amount, or, if any, what amount, can be so realized.

5. **Limitation**: PRACTICE, APPELLATE. Although the trial court erred in giving judgment for the defendant on the ground that the debt sued on was barred by the limitation of five years (which had not been pleaded), yet if the record shows that the claim was in fact barred by the ten-year limitation, as pleaded, the judgment will be affirmed.

*Appeal from the Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*O. D. Jones,* for the appellant.

The chattel mortgage is an acknowledgment in writing of the existence of the debt, and constitutes a promise to pay it. *Warlick v. Peterson,* 58 Mo. 408, 417; *Maslin v. Branham,* 86 Mo. 643. The mortgage recites, acknowledges and promises to pay the debt in the most solemn form. But the debt was not due or payment could not be demanded of mortgageor until Harper had received all he could get of the estate. Delay in demand is contemplated by the terms of the contract. In such case, the statute does not commence to run until demand or time to make it expires. *Jamison v. Jamison,* 72 Mo. 640. The statute of limitations of five years is not pleaded or relied upon in the cause. That of ten years is expressly in a written answer. "One who relies on the statute of limitations as a defense must plead the particular limitations which he claims." *Vail v. Jacobs,* 7 Mo. App. 571. A plea of the statute of five years is not good for one of ten years. *Hunter v. Hunter,* 50 Mo. 445, 452. The new promise was made before the statute of five years had accrued and the chattel mortgage and its terms became an obligation of plaintiff to pay. The "property conveyed remains" in defendant's possession. The mortgage is not barred for any purpose. *Mertens v. Kielman,* 79 Mo. 412.

*G. R. Balthrope,* for the respondent.

Plaintiff's petition does not state facts sufficient to constitute a cause of action, for his complaint is based upon an instrument of writing purporting to be a mortgage of chattels to secure a debt existing under a previous contract, and does not set out the contract or refer

to it; the mortgage is no part of the original contract creating the debt, but only an incident to the debt and original contract. His action should have been on the original contract. *Car v. Hurlbut*, 41 Mo. 264; *Johnson v. Johnson*, 81 Mo. 331. Plaintiff's claim is barred by the statute of limitations, for it was more than twelve years from the date of the mortgage (January 24, 1876) to the commencement of this action, and more than eight years after the estate of Colburn was settled or dismissed from the docket of the probate had elapsed before the institution of this suit, and defendant's plea of ten-year statute of limitations is good, as including the limitation of five years. *Davis v. Hascall*, 4 Mo. 58.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace on the following complaint:

"Plaintiff states that, on the twenty-sixth day of January, 1876, defendant executed to him a contract and chattel mortgage, signed and sealed, by which he agreed to pay plaintiff the sum of one hundred and twenty-five dollars, if it was not paid to plaintiff out of the assets of the estate of John W. Colburn, deceased, and agreed to pay all of said sum that was not paid out of the assets of said estate, and he says said estate was settled in 1880, and was utterly insolvent, and paid no part of said sum, and it all now remains due and unpaid, as evidenced by said chattel mortgage and contract herewith filed. Plaintiff asks judgment, with interest thereon at the rate of six per cent. per annum until paid, and costs of suit."

The following is the exhibit filed with the complaint, being the instrument which is the foundation of the action:

"Know all men by these presents that I, John H. Eubank, have this day sold to Ezra Harper one two-horse hack, valued at one hundred and twenty-five dollars, and one set of double harness, full set, valued at

twenty dollars. Whereas, Ezra Harper became security for John Eubank and John W. Colburn in the sum of one hundred and twenty-five dollars, and whereas, the said Harper was compelled to pay the same in the sum of one hundred and twenty-five dollars, and whereas, the said Harper has presented the same to the probate court, and had the same allowed against the estate of John W. Colburn, deceased. Now whatever sum the said Harper fails to obtain from said estate, this mortgage is made to secure, and now the said Harper may at any time when he finds how much the estate will pay, if the said John Eubank fails to pay the same to Harper and interest, then he, Harper, may take possession of said property and sell the same at auction in Edina, and out of the proceeds of said sale he shall pay the debt which said estate lacks in paying, and costs and charges of the sale, and balance, if any, shall be paid to Eubank. The property is in Eubank's possession—signed, sealed, acknowledged January 26, 1876, and duly recorded.''

The defendant filed an answer, in which he mingled together a plea of the statute of limitations of ten years and a general demurrer,—setting up that the cause of action did not accrue within ten years, and also that the petition stated no cause of action.

A trial was had before the court without a jury. There was evidence tending to show that the plaintiff had received no money or other thing in payment of the debt described in the above chattel mortgage, from the estate of Colburn, or from the defendant, and that he had paid as surety the debt therein described.

'' And here defendant admitted that the estate of John Colburn was totally insolvent at the time of the making of the chattel mortgage and contract in evidence and has been settled or disposed of and disappeared from the docket of the probate court in 1880, and plaintiff has received no money therefrom—which was all the evidence in the cause.''

The plaintiff requested the following declarations of law, which the court refused to give:

"1. That the chattel mortgage and contract offered in evidence is evidence in writing of a new promise of the defendant to pay the debt therein described and takes the debt out of the operation of the statute of limitations of five years, and that it appears on the face of the contract that delay in demanding payment of the debt was contemplated by the contract, and if the court finds that in fact the estate of John Colburn, deceased, was not settled until 1880 and that in fact plaintiff has received no money thereon, then plaintiff is entitled to recover in this action.

"2. The statute of limitations of five years is not pleaded in this cause and it is not available for the purpose of this trial."

The court then made a finding and judgment in favor of the defendant. The bill of exceptions recites that this finding was made "on the ground that the mortgage and contract sued on does not contain a promise to the defendant to pay the debt, sufficient to take it out of the statute of limitations of five years."

It will be seen from the foregoing that this record presents several anomalies. In the first place, the action is brought on the chattel mortgage, which is relied upon as an acknowledgment of a preëxisting indebtedness, sufficient to take it out of the statute of limitations; but in this state such an action should be brought on the original cause of action, and not on the subsequent acknowledgment. *Boyd v. Hurlbut*, 41 Mo. 264, 269. It is different in the case of a debt discharged by the operation of statutes of bankruptcy. *Fleming v. Lullman*, 11 Mo. App. 104. The distinction is that the statute of limitations does not, by its own vigor, destroy the debt, but merely suspends the remedy, and not even that unless the debtor elects to have it so, which election he must make by pleading the statute, and moreover, by pleading the particular statute which he chooses to invoke. *Hunter v. Hunter*, 50 Mo. 445; *Vail v. Jacobs*, 7 Mo. App. 571. But a discharge in bankruptcy extinguishes the debt, and it can only be re-created by a new promise, which is tantamount to a new contract,

founded on the moral obligation to pay the debt, which still remains. *Fleming v. Lullman, supra.* Here the defendant pleaded the statute of limitations of ten years, and the court set up for him the statute of five years.

It is difficult to deal with a case presenting the double anomaly of an action being wrongly brought and of the court setting up the bar of a statute which was not pleaded. The plaintiff's cause of action, if any he has, is the obligation which the law imposes upon a principal debtor to reimburse his surety who has paid it for him. This obligation arises when the surety pays the debt, and, as it is not founded upon a written promise, it is subject to the operation of the statute of limitations of five years. R. S., sec. 3230. Beyond question, the chattel mortgage, reciting the existence of the indebtedness and pledging certain property to secure so much of it as should not be paid out of the estate of the defendant's co-debtor, was such an acknowledgment in writing of the debt as postponed the commencement of the running of the statute of limitations to the date of the mortgage. *Mastin v. Branham,* 86 Mo. 643. But the chattel mortgage was not a new contract to pay the debt; it did not create a new cause of action; it did not shift the cause of action from one subject to the statute of limitations of five years to one subject to the statute of ten years. The cause of action continued to be subject to the statute of five years.

As the defendant did not see fit to plead the statute of five years, but instead pleaded the statute of ten years, we are to treat him as having waived the statute of five years, and as having been content to invoke the bar of the longer statute. But this is immaterial, and the error of the circuit court in deciding the case upon the statute of five years, although it had not been pleaded, is immaterial; for the debt was in fact barred by the longer statute at the time when the action was brought. Of this there can be no doubt, unless the theory of the plaintiff, which will presently be spoken of, is found to be tenable. This chattel mortgage was

made in 1876, and the present action was brought in 1888, about twelve years later. But the plaintiff's theory is that, as the chattel mortgage itself contemplated a delay in the payment of the debt until it should be ascertained by a settlement of Colburn's estate how much, if anything, the plaintiff should realize from that estate in liquidation of the debt, his chattel mortgage has the effect of postponing the running of the statute of limitations, in respect of the principal debt, until the year 1880, when Colburn's estate was finally settled. There is some force in this view; but we think that, as this chattel mortgage was merely a contract for collateral security, and not a contract which bound the plaintiff to forbear suing the defendant on the original cause of action, this effect should not be ascribed to it. This mortgage was merely a contract for further security. It did not prevent the plaintiff from bringing an action at any time against the defendant, and thereby reducing his claim to judgment. So that, unless we are mistaken in this view, the cause of action was really barred by the statute which the defendant pleaded, the statute of ten years. This must lead to an affirmance of the judgment.

In view of the great liberality which is indulged in favor of statements of causes of action in actions commenced before justices of the peace, we prefer not to decide the case upon the question of the sufficiency of the petition, and wish to be understood as not expressing any opinion upon this question. But we are clear that a cause of action could not be made out of this petition if it had been originally filed in the circuit court. We can also see that if the view on which we decide the cause had not been taken by us, it would have been our duty to remand the cause, after which the defendant would have been properly allowed to amend his answer, setting up the statute of five years, which would bring the cause to an end upon the admitted facts.

As it is the judgment will be affirmed. It is so ordered. All the judges concur.