JAMES G. ADKINS, Respondent, v. THEODORE S. CASE, Appellant.

### Kansas City Court of Appeals, May 29, 1899.

1. **Tax Bills:** LIEN: LIMITATION: AGREEMENT TO WAIVE: PERSONAL LIABILITY.    Evidence relating to an extension or waiver of limitation is considered and held not to be an agreement to extend the lien of a special tax bill but a promise to pay the debt.

2. ———: ———: AGREEMENT TO WAIVE: KANSAS CITY CHARTER.    The freeholders' charter of Kansas City creates the lien of a tax bill for a certain period and it extinguishes such lien at the end of that period and the property owner can not by agreement extend the same.

*Appeal from the Jackson Circuit Court.*—HON. J. W. HENRY, Judge.

REVERSED.

LATHROP, MORROW, FOX & MOORE for appellant.

(1)    The charter limitation of the tax lien to two years unless suit is brought and notice given extinguishes the lien if said provisions are not complied with.    The limitation is not a personal privilege (any more than the tax bill constitutes a personal obligation) and can not be waived.    Smith v. Barrett, 41 Mo. App. 460.    (2)    Plaintiff's remedy under his own testimony was a personal action against defendant upon his promise to pay the tax bill.    Lumpkin v. Snook, 63 Iowa 515.

Adkins v. Case.

ROBINSON & CARKENER for respondent.

(1) The trial court having found that defendant made an agreement not to plead limitation against the tax bill, this court will not pass on the weight of evidence. Gould v. Smith, 48 Mo. 43; Rice v. Arnold, 58 Mo. App. 97. (2) An agreement not to plead the statute of limitations, made in consideration of an extension of time, is valid and binding and enforcible both as a contract and by estoppel. Bridges v. Stephens, 132 Mo. 524; Dry Goods Co. v. Goss, 65 Mo. App. 55; Railway v. Commission Co., 71 Mo. App. 299; Wood on Limitation [2 Ed.], p. 228, sec. 76. (3) A suit on a tax bill is a proceeding *in personam* as well as *in rem*. The judgment binds only the interest in the land of the persons who are sued. And, as to such interest, the owner may surely make a valid contract. Jaicks v. Sullivan, 128 Mo. 177. (4) The estoppel of defendant in this case is both by contract and by matter *in pais*. Our courts recognize estoppel *in pais* in cases where tax bill liens are involved. Brick Co. v. Hull, 49 Mo. App. 433; Gibson v. Owens, 115 Mo. 258; State ex rel. v. Mastin, 103 Mo. 508. (5) The trial court properly held that the lot in question was chargeable with the cost of the improvement. Defendant's construction would result in the grossest injustice and inequality of taxation and is not sanctioned by the charter. State v. Marshall, 48 Mo. App. 560; Kane v. Railway, 112 Mo. 34, head notes 4, 5; Bowers v. Smith, 111 Mo. 45, head note 10; Kansas City v. Morton, 117 Mo. 446; Weber v. Schergens, 59 Mo. 391; Charter of Kansas City, art. 5, sec. 455.

ELLISON, J.—This action is based on a special tax bill. There was a judgment for plaintiff and defendant appealed to the supreme court, the case presenting a constitutional question. In that court the parties conceded that STATEMENT. the question on the constitution had been eliminated by a decision of the supreme court

determining the point against defendant.   That court thereupon ordered the cause certified to this court.

The charter of Kansas City prescribes a two-year period of limitation on special tax bills and this suit was not begun until after that period had expired.   To avoid the bar of the charter, plaintiff sets up that defendant agreed with him before the time had run to waive the limitation if he would not bring the action within the time and that he relying upon defendant's promise refrained from instituting the action until after the limitation had expired.   The section of the charter applicable is as follows:

"* * * Every special tax bill issued under the provisions of this article shall be a lien upon the land described therein, upon the date of the receipt to the board of public works therefor, and such lien shall continue for two years thereafter, but no longer, except as in this article otherwise provided, unless suit shall be brought to collect the same within two years from the issue thereof, in which case the lien shall continue until the determination of the legal proceedings to collect the same, including any sale of the property charged; provided, however, that if such shall be brought within the two years the plaintiff or plaintiffs therein shall at the time, or within ten days after the commencement of suit, and not later than thirty days after the end of the two years, in person, by attorney or agent, file in the office of the city treasurer, a written statement showing the tax bills sued on, and when and in what court and against whom the said suit has been brought.   The city treasurer shall, immediately after the filing of any such statement, note on the record of such tax bill the time of filing of such statement and the substance of the same.   If the plaintiff or plaintiffs in such suit shall fail to file such statement within the time above limited the land described in the tax bill sued on shall be free from the lien of the tax bill and of any judgment in such suit, no matter when rendered, and shall not be sold in satisfaction of any such judgment.   * *   * "

The only evidence that a waiver of limitation had been agreed upon before the time had elapsed was given by plaintiff himself in the following language:

"Q. I will ask you to state now why you did not (bring suit within two years). Just state all the facts. If you had any contract or understanding with Colonel Case I wish you would please state the whole matter to the court. A. I went up to see Colonel Case several times about that tax bill—Q. (interrupting). When was that with reference to the maturity of the tax bill; that is, the expiration of the two years? A. I suppose the last time I was there was about a month before the two years expired, and Colonel Case asked me if I would carry that tax bill over for him, and I said I would; that if he said he would pay it I would carry the tax bill. That was just the conversation that took place, and he never told me in his life that he intended to fight the tax bill until after the expiration of the two years."

In our opinion the only contract made by this language was a contract of personal liability. There is no promise to waive the limitation, *but a promise to pay the debt.* Under the law relating to special tax bills there is no personal liability on the property owner. So, in recognition of this, the parties agree that if the bill is carried over (admitting that expression to mean over the limitation period) and the property released, defendant would assume a personal liability for it. There is no pretense that defendant made two promises to plaintiff, one to waive the limitation and the other to pay the debt. And the question is which of these was his promise? There ought not to be any doubt that it was to pay. The case can be well likened to one which arose in Iowa where one party agreed to waive a mechanic's lien that it might become subordinate to the other's mortgage. The court said: "In consideration of defendant's agreement to pay them the amount of their claim they agreed that they

<span style="font-variant: small-caps">Tax bills: lien: limitation: agreement to waive: personal liability.</span>

would not assert the priority of their lien. The effect of the agreement is that they waived their lien and accepted his agreement to pay the amount of the debt in lieu of it, and, in consideration of this waiver, he became legally liable for the amount of the debt. * * * They agreed to waive their mechanic's lien on the property or that it might be made subordinate to defendant's mortgage in consideration of his becoming personally responsible to them for the debt; and he had become liable for it. They have a personal claim on him for the amount enforcible at law and this is what he contracted to give them in lieu of their mechanic's lien." Lumpkin v. Snook, 63 Iowa 515 (loc. cit. 519).

It is however claimed by counsel that the record of the proceedings at the trial contains, in effect, a concession that defendant did agree to waive the time, or extend the period of limitation. There is some ground for this claim and we therefore deem it proper to decide another branch of the case. Defendant contends that under the terms of the charter above set out, he could not extend the period of the lien.

The supreme court seem evenly divided on the question whether it is against public policy for a debtor to extend the period of the ordinary statute of limitation, Barclay, J., not expressing an opinion. Bridges v. Stephens, 132 Mo. 524. We held that the time prescribed by the statute could be waived. Dry Goods Co. v. Goss, 65 Mo. App. 55. But counsel for defendant distinguish the ordinary statute of limitation from the provision of the charter under consideration. The charter creates a lien *nolens volens,* against the property of the citizen. It prescribes a duration, that is, it brings the lien into existence for two years *"but no longer, except as in this article otherwise provided."* And the exception is that suit shall be brought on the bill within two years. The effect of the allowance of plaintiff's contention would be to add

another exception, viz: "unless the property owner agrees to a longer period." We think the charter will not bear such construction. It creates a lien for a certain period, and more than that, it extinguishes the lien at the end of that period. Smith v. Barrett, 41 Mo. App. 460. It is against the object and policy of the law to allow the lien to be indefinitely extended by parol. If it can be extended in such way, then anyone purchasing with notice could be held bound by the agreement, and thus would be introduced an element of uncertainty depending for solution, in many instances, upon mistaken or false testimony. That there shall be no extension save by suit is further evidenced by the provision that there shall be a written statement filed with the city treasurer, not later than thirty days after the end of the two years, showing in what court and against whom the suit was brought. And that if such statement is not so filed within the time, "the land described in the tax bill sued on shall be free from the lien of the tax bill."

It follows from the foregoing that the judgment should be reversed. All concur.