## TRADERS' NATIONAL BANK, Respondent, v. E. HERMER, Appellant.

### Kansas City Court of Appeals. January 26, 1920.

BANKRUPTCY: New Promise to Pay Made Before Discharge. An action will lie on a promise by a bankrupt to pay an indebtedness existing at the time of his adjudication in bankruptcy even though the promise is made prior to his discharge.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*Blackmar & Bundschu* for respondent.

*Ringolsky & Friedman* for appellant.

BLAND, J.—This is an action to recover the balance of principal and interest due on three promissory notes made and executed by the defendant in favor of plaintiff on various dates prior to December 14, 1915. There was a verdict and judgment in favor of plaintiff and defendant has appealed.

The execution and delivery of the notes is admitted and there is no contention as to the amount involved in the suit. The facts show that on said date an involuntary petition in bankruptcy was filed against defendant and, thereafter, on December 24, 1915, defendant was

duly adjudged a bankrupt; that all of said notes had matured before the date of said adjudications; that plaintiff proved its laim arising out of said notes against the bankrupt estate of the defendant and received from the trustee of said estate the dividends declared; that the discharge in bankruptcy was made on June 8, 1918. There was evidence tending to show that between the date of the adjudication of defendant as a bankrupt and the date of the granting of his discharge, the defendant on various occasions and at various times promised plaintiff that he would pay to the respondent the balance due on said notes, which plaintiff had proven against the bankruptcy estate.

At the close of all of the evidence the court overruled defendant's instruction in the nature of a demurrer to the evidence. The sole question presented in this appeal is whether the promise made between the date of defendant's adjudication as a bankrupt and the granting of his discharge in bankruptcy is enforceable. It is well settled that a discharge, while releasing the bankrupt from legal liability to pay a debt that was provable in the bankruptcy, leaves him under a moral obligation that is sufficient to support a new promise to pay the debt. But defendant claims that any promise made before the discharge to pay the debt would be a promise to pay an existing debt for the reason that the old debt is still in existence until the discharge. Defendant likens the last promise to a promise to pay an indebtedness where no bankruptcy proceeding has been started or contemplated. In the latter case the mere promise to pay an existing debt would not be a new promise but would be a promise to pay a debt already existing.

That a suit of this kind brought upon a promise made after the commencement of the bankruptcy proceedings and either before or after the final discharge in bankruptcy is one upon a new promise or agreement to pay the debt, is well settled. [Fleming v. Lullman, 11 Mo. App. 104; Bank v. Richards, 119 Mo. App. 18;

Ferguson-McKinney Dry Goods Co. v. Beuckman, 198 Mo. App. 41; Zavelo v. Reeves, 227 U. S. 625, 629.]

The trouble with defendant's contention is that it does not take into consideration that the discharge, generally speaking, relates back in time to the inception of the bankruptcy proceedings and the bankrupt becomes a free man from the time to which the discharge relates. Therefore, the bankrupt after the commencement of the proceedings has a right to enter into new agreements which are binding, including an agreement to pay any indebtedness that he owed at the time of the commencement of the bankruptcy proceedings. [Zavelo v. Reeves, supra; Knapp v. Hoyt, 57 Iowa, 591; Old Town National Bank of Baltimore v. Parker, 87 Atl. 1105 (Md.); Jersey City Ins. Co. v. Archer, 25 N. E. 338 (N. Y.); Moore v. Troustine, 54 S. E. 810 (Ga.).]

There is nothing in the cases of Fleming v. Lullman, Bank v. Richards, and Ferguson-McKinney Dry Goods Co. v. Beuckman, supra, antagonistic to anything decided in this case.

The judgment is affirmed. All concur.