# CITY OF SPRINGFIELD ex rel. PEOPLES BANK v. R. O. DEMING.

### Springfield Court of Appeals, May 10, 1923.

1. **MUNICIPAL CORPORATIONS: General Statute of Limitations Held Applicable to Enforcement of Sewer Tax Bills.** The general five-year Statute of Limitations (R. S. 1919, sec. 1317) governs actions to enforce sewer tax bills issued under section 8305, and not the limitation for certain tax bills prescribed by section 8323.

2. **LIMITATIONS OF ACTIONS: Promise to Waive Limitations Held Without Consideration.** A promise not to avail oneself of the Statute of Limitations made after the debt is barred is without consideration.

3. **MUNICIPAL CORPORATIONS: Suits to Enforce Tax Bill Actions in Rem Only to Extent of Precluding Personal Judgment.** A suit to enforce tax bills such as special tax of a sewer district are actions *in rem* only in the sense that personal judgment cannot be rendered against the landowner, and in every other way the suit is in the nature of a personal action, in that the tax bill must be issued

against the owner, and the defendant must be the owner of the land.

4. **LIMITATION OF ACTIONS:** Waiver. The Statute of Limitations may be waived unless the action is governed by a statute carrying its own special limitation provision.

5. **MUNICIPAL CORPORATIONS:** Statute Construed. Revised Statutes 1919, section 8305, as amended by Acts 1921, pp. 501, 502, carrying a special five year limitation for the lien of tax bills, is as amended a statute of extinguishment rather than a statute of repose.

6. ————: Assignee of Sewer Tax Bills May Sue to Enforce the Lien. Unless there is some provision of law prohibiting the sale of a tax bill, the courts would not deprive the contractor from selling, and shut an assignee out of court who owned the tax bill because he had not been specially named in the statute.

7. **LIMITATION OF ACTIONS:** Petition Alleging Agreement to Waive Statute not Demurrable for Failure to Allege Written Waiver. A petition in an action to enforce the lien of a district sewer tax bill alleging a promise by the defendant not to plead the Statute of Limitations was not subject to demurrer because it did not allege that the promise was in writing; the allegation being broad enough to permit proof of written agreement.

8. ————: Agreement not to Plead Limitations to Action Held Binding. If the owner of a lot on which there was a lien of district sewer tax bill, enforcement of which was governed by general Statute of Limitations, made a valid agreement not to plead Statute of Limitations, he is estopped from making such plea.

Held, BRADLEY, J., dissenting, that Statute of Limitations cannot be waived, as the action is one *in rem* in its essential nature, the sole remedy being against the lots, and defendant not being subject to personal judgment.

Appeal from the Circuit Court of Greene County.—*Hon. Guy D. Kirby*, Judge.

REVERSED AND REMANDED.

*C. W. Hamlin* and *Hamlin & Hamlin* for appellant.

*John Schmook* and *J. C. Counts* for respondent.

FARRINGTON, J.—This cause was commenced to enforce an alleged special lien founded upon district sewer tax bills. A demurrer to the second amended pe-

tition was sustained and relator appealed. Relator will be referred to herein as plaintiff and respondent as defendant.

Plaintiff's petition is in twenty-one counts, each count based upon a separate tax bill against separate lots. The tax bills were issued April 15, 1914, and originally given to one McSweeney, the contractor, in payment for the work in the construction of the sewer. The Peoples Bank is the assignee of said tax bills. On August 29, 1914, the defendant here instituted suit to have said tax bills cancelled and declared void. That cause finally reached this court, and was disposed of August 23, 1920, adversely to the present defendant. [See Deming v. City of Springfield et al., 217 S. W. 27, and Deming v. City of Springfield et al., 224 S. W. 1004.]

The first suit concerning these tax bills will be hereinafter referred to as the suit to cancel. The ground of defendant's demurrer is that plaintiff's cause of action is barred by the Statute of Limitations. Plaintiff in the cause at bar recites in his petition the history of the litigation in the suit to cancel and avers, in an effort to avoid the Statutes of Limitations, that while the suit to cancel was pending in the appellate court, and prior to April 15, 1919, the end of five years from the date of issue of the tax bills, the defendant at divers times promised and assured plaintiff that if the judgment of the appellate court in the suit to cancel should be adverse to him he would pay each and all of said tax bills without further cost and litigation. That prior to April 15, 1919, defendant "requested plaintiff not to institute suit on said tax bills, or either of them, agreeing in consideration therefor to pay each of said bills upon the final decision of the appellate court aforesaid, if said decision should be adverse to him, and at the time of making said promise the defendant stated if plaintiff would refrain from instituting a suit for the collection of said tax bills until after the final determination of the case pending in the appellate court, he would not claim as a defense the Statute of Limitations if the decision of

the appellate court was not made prior to the running of said statute. That the plaintiff believed at the time the defendant made the representations aforesaid that he was in good faith, and believed he would carry out each and all of said representations, and by reason thereof and so believing did not file any suit for the enforcement of the lien of said tax bills prior to the 15th day of April, 1919.'' Plaintiff further alleges: ''that from the acts, declarations, promises and representations of the defendant he waived his right prior and subsequent to April 15, 1919, to plead or claim the defense of the Statute of Limitations in this action, and that by reason of his said acts and statements he is now estopped from pleading as a defense the Statute of Limitations and from making same against the collection of the tax bills aforesaid.''

The demurrer is defended on three grounds. First, defendant contends that the five-year limitation prescribed for certain tax bills in section 8323, Revised Statutes 1919, is applicable to the tax bills involved here, and not the general five-year Statute of Limitations. Second, that defendant could not waive the statute applicable here, and could not by agreement extend this *special* limitation. Third, That the allegations to the effect that defendant agreed to pay the tax bills if defendant lost in the appellate court in the suit to cancel does not disclose, nor is there any showing that said promise was in writing, as required by section 1338, Revised Statutes 1919.

The court ruled in Koch v. Shepherd, 193 S. W. 601, that the general five-year statute, section 1317, Revised Statutes 1919, governed in sewer tax bills issued under what is now section 8305, Revised Statutes 1919. The tax bills herein involved were issued under section 8305, hence the Koch case is directly in point, and we adhere to that ruling. The more serious question for determination is the power of the property owner to toll or waive the statute by agreement or promise as alleged in plaintiff's petition. Adkins v. Case, 81 Mo. App. 104, involved the question of waiver of limitation of a tax

bill.   To avoid the bar of the statute, plaintiff in that case alleged in his petition that the defendant agreed with him before the time had run to waive the limitation if he would not bring the action within the time, and that relying upon the promise plaintiff refrained from instituting suit until limitation had run.   When stripped of allegations not of consequence plaintiff in the case at bar alleges no more than was alleged in the Adkins case. It is true that plaintiff here alleges that defendant, both prior and subsequent to the running of the statute, made the alleged promise not to contest if the suit to cancel was decided adversely to him provided plaintiff would refrain from suing till the suit to cancel was determined. But the subsequent promise was a mere *nudum pactum.* [1 Wood on Limitations (4 Ed.), sec. 76.] This text says: "But after a debt is actually barred by the statute a mere naked promise not to plead the statute has no validity, as it is a mere *nudum pactum.*  In order to be operative it must be predicated on a new consideration."   In the Adkins case the court found that defendant had in fact only agreed *to pay* the tax bills if the plaintiff would refrain from suing, and had not agreed to waive the Statute of Limitations, but conceded that there was ground for finding also that defendant had agreed to waive the statute, and ruled on that question.   The limitation of the lien fixed by the statute in the Adkins case was:  "Such lien shall continue for two years thereafter, but no longer," except under certain specified conditions which are not material here.   The court speaking of the lien and its duration in the Adkins case said: "It prescribes a duration, that is, it brings the lien into existence for two years, but no longer, except as in this article otherwise provided."   And the exception is that suit shall be brought on the bill within two years.   The effect of the allowance of plaintiff's contention would be to add another exception, viz: "unless the property owner agrees to a longer period."

We think that the Statute of Limitations in the tax bill in suit is not controlled by decisions such as the Ad-

kins case, because there the statute created a lien for a certain period while in the present case there is no period fixed by section 8305, Revised Statutes 1919, governing sewers for cities of the third class, the statute under which the sewer in this suit was built, and, as heretofore stated, sewer bills issued under this section of the statute are governed by the general five-year Statute of Limitations, section 1317, Revised Statutes 1919. If this latter section applies, then we are of the opinion that it should apply with all of its vigor and all of its limitations. One of the limitations on the general five-year statute is that it may be extended by the debtor or the one holding the chose in action.

It has been said that suits to enforce tax bills, such as in this case, are actions *in rem*. That is true only in the sense that a personal judgment cannot be rendered against the owner of the land. In every other way a tax bill and a suit on it partakes of a personal action by making elements of a personal nature in it in that the tax bill must be issued against the owner. Second, the defendant in a suit to enforce the tax bill must be the owner of the land. He is the only one who can make a defense to the action, and having that personal right it would seem that unless the statute under which the tax bill was issued limited the right to the lien to a certain period, he would have the right as a defendant to govern the limitation as to the lien. The right to the lien was limited in the Adkins case, and so was the right to insist on the limitation prescribed in the statute relative to the time of bringing suit under the damage act, as shown in Clark v. Railroad, 219 Mo. 524, 118 S. W. 40, and the reason given for the holding of the court in the latter case, on pages 530 and 531, was, "because the damage act carries its own special Statute of Limitations which must control." As pointed out, section 8305, Revised Statutes 1919, carries no special Statute of Limitation but is governed by the general Statute of Limitation which does not affect the life of the lien but affects only the right of the claimant to bring suit to en-

force it. Section 8305 provides that the contractor in such tax bill may proceed to collect the same by ordinary process of law. We have found no case holding that the Statute of Limitation could not be waived unless the action was governed by a statute carrying its own special limitation provision.

We think that this tax bill is to be governed by section 8305, Revised Statutes 1919, and section 1317, Revised Statutes 1919, and not to be governed, as contended by respondent, by section 8323, Revised Statutes 1919. We also note that section 8305 was amended in 1921, shown by Session Acts 1921, pages 501 and 502, and that the amendment carries a special five-year limitation for the lien, which makes it, as amended, a statute of extinguishment rather than a statute of repose, as it stood prior to the amendment.

Something is said in respondent's brief relative to the right only of the contractor to bring this suit, and that a suit by the assignee or holder in due course is not provided for in section 8305. One of the rights of ownership of property is the right to sell it, and unless there is some provision of law prohibiting the sale of a tax bill the courts will not deprive the contractor from selling and shut an assignee out of court who owned the tax bill, because he had not been specially named in the statute.

One of the grounds in the demurrer is that the petition was bad because it is not shown that promise was in writing, as required by section 1338, Revised Statutes 1919. This question which was raised in the demurrer was properly one to be raised by motion. The petition merely alleges that an agreement was entered into. If the statute cited by respondent is applicable to the case, it would be entirely proper for the plaintiff to prove a written agreement under the allegations of the petition. The failure to allege that the contract had to plead the Statute of Limitation was made in writing would not render it wholly bad.

In support of the petition that section 1338 does not apply to the contract alleged to have been made in this

case, appellant cites the cases of Bridges v. Stephens, 132 Mo. 524, 34 S. W. 555, and Monroe v. Herrington, 110 Mo. App. 509, 85 S. W. 1002. It will be noticed that the Supreme Court, in the Bridges case, was divided three and three on the question of whether an oral agreement not to plead the Statute of Limitations acted upon was within the statute, and the seventh judge decided the case on an entirely different question.

Judge Goode, in the Herrington case (110 Mo. App. 509), apparently holds that an oral contract not to plead the Statute of Limitation is not barred by the statute.

We must, therefore, hold that the tax bill in this case is governed by sections 8305 and 1317, Revised Statutes 1919; that the limitation governing this case at the time was a statute of repose rather than one of extinguishment; and that if the owner of a lot upon which there stands a tax bill makes a valid agreement not to plead the Statute of Limitation, he is estopped, when sued on a tax bill such as was issued in this case, from pleading the Statute of Limitation. The judgment is reversed and the cause remanded. *Cox, P. J.,* concurs. *Bradley, J.,* dissents in separate opinion.

BRADLEY, J. (dissenting).—There is no question but that the Statute of Limitation may be waived when applicable personally to the individual waiving it. But here the suit is not one personal to defendant. It is wholly *in rem* as that term is generally understood. No personal judgment can go against defendant. And if a judgment of foreclosure were given, and the lots failed to bring the amount of the lien, there could be no process against defendant personally. The sole remedy is against the lots. In Adkins v. Case, 81 Mo. App. 104, cited in the majority opinion, the court seemed to give significance to the words of the statute, "and for no longer," but said:

"It is against the object and policy of the law to allow the lien to be extended indefinitely by parol. If it can be extended in such way, then any one purchasing with notice could be held bound by the agreement, and

thus would be introduced an element of uncertainty depending for solution, in many instances, upon mistaken or false testimony.''

Tax bill liens affect the title to real property, and there ought to be among all the records affecting the title such information that a title examiner could definitely determine when a tax bill lien has expired. If left to some owner to prolong the time by waiving the statute, then on one could know definitely until some conversation or oral agreement was run down and judicially determined as to its existence or non-existence. I think it is, and should be, contrary to the policy of the law to permit the limitation on tax bill liens to be extended by oral agreement beyond the period fixed by the statute governing the particular tax bill. Suppose defendant in the case at bar had sold these lots to A., after the alleged agreement to waive the statute, and plaintiff had contended that A. knew about defendant's alleged agreement to waive, but A. contended otherwise. In such case plaintiff, in order to recover, would not only have to establish the alleged agreement to waive, but would also have to establish that A. took with notice of such agreement. Or, on the other hand, if defendant had sold to A., who knew nothing about the alleged agreement, and no claim that he knew, then plaintiff would not have a leg to stand on in the enforcement of the lien. Owners, it seems, might make agreements as to waiving the Statute of Limitations of tax bill liens that would create personal liability, but they cannot, in my opinion, lawfully make agreements which extend or waive the statute. Tax bill liens, created *nolens volens*, are to be distinguished from mortgages, deeds of trust, mechanics' liens, etc., because in such last-mentioned instances the lien is not created *nolens volens*, and there is usually a definite source from which it can be determined whether such liens have or have not expired. I think that the trial court was correct in sustaining the demurrer.