ERNEST STOCK, APPELLANT, v. ELIZABETH SCHLOMAN ET AL., RESPONDENTS.—42 S. W. (2d) 61.

Kansas City Court of Appeals. January 27, 1930.

*E. M. Zevely* and *J. P. Peters* for appellant.

*Virginia Booth* and *James Booth* for respondents.

BLAND, J.—This is an action to determine the title to 158½ acres of land in Osage County, brought under the provisions of Section 1970, Revised Statutes 1919. From a judgment decreeing that defendants have a valid and subsisting mortgage lien upon the property owned by plaintiff, he has appealed.

The suit was begun on January 7, 1926, and tried on February 11th of that year. The action was originally commenced against Elizabeth Schlomann and her guardian and curator, Ferdinand Zeitz, (said Schlomann having been adjudged incompetent to manage her affairs). The case was originally appealed to the Supreme Court. That court found that it had no jurisdiction and transferred the case here. [See Stock v. Schlomann, 18 S. W. (2d) 428.] After the appeal was taken Elizabeth Schlomann died and the cause was revived in the name of her administrator, Laura Walker, who entered her appearance.

The petition is couched in the general verbiage of the statute, plaintiff claiming to be the absolute owner of the land in fee simple. The answer admits that plaintiff is the owner of the land in fee simple but alleges that the title is encumbered by a mortgage dated March 16, 1891, given by one Ferdinand Kamin and wife, the then owners of the land, to Elizabeth Schlomann, to secure their note of that date for $1800, due one date after date with six per cent interest per annum; that plaintiff purchased said land subject to said mortgage and assumed payment of the debt and had paid the interest thereon continuously up to and including that due on March 16, 1922; that plaintiff now owes the principal sum of $1800 with interest thereon from March 16, 1922; that although said mortgage has apparently become barred by the provisions of the Act of 1921 (see Laws of 1921, pp. 202, 203) on account of the lapse of more than twenty years from the date upon which the note secured by the mortgage became due, as appearing on the face of the mortgage, and by reason of the failure of defendants as holders of said mortgage to file an affidavit duly verified showing the amount due on

said mortgage within two years from the date of said act of the General Assembly, yet plaintiff thereafter, on April 4, 1925, in writing acknowledged the existence of said mortgage and debt and in writing subscribed by him under said date promised to pay said mortgage absolutely; that by reason thereof said mortgage debt became revived and is still in force and effect. The answer asks that the title, estate and interest of the parties in the land be ascertained and that the mortgage be adjudged to be a valid charge on the land for the amount unpaid.

The reply admits that "said lands are encumbered by the mortgage described in defendants' answer given on the date alleged by Ferdinand Kamin and wife, for the purpose as in said answer alleged, and that same is recorded," and that plaintiff made payments on the note as alleged in the answer. The reply denies the other allegations in the answer except the allegation in reference to the mortgage being apparently barred, and alleges that said mortgage "is barred by the provisions of the act of the General Assembly of Missouri, approved March 31, 1921, through lapse of more than twenty years, from date of maturity of the note therein in said mortgage described, and through the failure of defendants to file an affidavit, duly verified, showing the amount due on said mortgage within two years from the date of said act." The reply prays that the court "decree said mortgage null and void, and barred by law and order same cancelled of record, and for all relief prayed for in plaintiff's petition." As before stated the court adjudged that the mortgage remained a valid and subsisting lien.

At the trial plaintiff was called as a witness for defendants. He testified that Ferdinand Kamin was his step-father and that the wife of said Ferdinand was his mother; that said Kamin had been dead for twenty-two years; that he purchased said real estate from said Kamin; that when he made said purchase he assumed the payment of the mortgage in question; that he thereafter paid the interest on said mortgage to Elizabeth Schlomann and that all interest due on said mortgage had been paid except for the last two years" and $36 from before;" that he had written letters to defendant Zeitz about the mortgage. One of these letters was dated January 21, 1924. In this letter plaintiff stated that he had paid part of the interest and intended to pay the rest when he sold his corn; that he would pay the taxes the "first of the month." In another of these letters to Zeitz written on April 4, 1925, plaintiff stated that he knew he should have paid the interest on the mortgage but that he had suffered bad luck as his boy had been killed and the boy's death had cost plaintiff a great deal of money; that he intended to pay the taxes and interest "this fall;" that he was going to pay the taxes and part of the interest if he possibly could. Letters were

offered from Zeitz to plaintiff urging payment of the taxes on the land and interest on the mortgage.

Plaintiff further testified that he bought the real estate in controversy from said Kamin and wife but sold forty acres of it "back to" Kamin; that Zeitz had been making demand on him for the payment of the note secured by the mortgage; that he talked to "them" about holding the mortgage and that "they" spoke of enforcing the mortgage.

Defendant Zeitz testified that he was a nephew of Elizabeth Schlomann; that she was about eighty-five years of age at the time of the trial. The witness produced and introduced in evidence two letters from plaintiff in which the latter offered to pay the interest on the note and the taxes on the land. The witness produced the mortgage and the note in question showing payment of the interest in full to and including the year 1922. Defendants offered in evidence the mortgage in question dated March 16, 1891; also a warranty deed from Ferdinand Kamin and wife to plaintiff dated January 6, 1898, (consideration $1800) by which the real estate in question was conveyed to plaintiff; also quit-claim deed dated July 18, 1898, from plaintiff and wife to said Kamin conveying forty acres of the real estate to Kamin. This deed contained the following language "except a certain mortgage which the undersigned agrees to satisfy." Defendants also offered in evidence a quit-claim deed from said Kamin (his wife then being dead) to one Howard, dated April 20, 1905, conveying to said Howard the forty acres of said land last described. The conveyance was made upon condition that Howard would support and maintain Kamin, pay his funeral expenses, etc., and contained the following language: "This deed is made subject to a certain mortgage deed covering this and three other forty acre tracts." Plaintiff then offered in evidence a warranty deed from said Howard to himself dated December 15, 1906, and conveying said forty acre tract. This deed contained the same language as that last quoted from the deed from Kamin to Howard.

Plaintiff contends that the court erred in rendering judgment in favor of defendants, adjudging that the mortgage was a valid and subsisting lien against the property. In this connection it is claimed, in effect, that more than twenty years having elapsed at the time of the passage of the Act of 1921 (see Laws of 1921, p. 203), since the note secured by the mortgage became due as disclosed on the face of the mortgage, and suit not having been brought until the 7th day of January, 1926, or more than two years after the passage of the act, the mortgage at the time of the filing of this suit was absolutely void and of no effect, as the owner of the indebtedness did not file the affidavit or instrument required by the Act of 1921. We think this contention is well taken.

Under the provisions of the ten year general Statute of Limitations (section 1316, R. S. 1919) a note becomes barred in ten years after it becomes due. But under the common law a mortgage was not barred for twenty years and the courts held that although the ten year statute barred the note it did not bar the mortgage or the deed of trust securing it (see Hower v. Erwin, 221 Mo. 92). However, the rule in reference to the barring of a mortgage or deed of trust was changed in 1891, when the following statute was enacted:

''No suit, action or proceeding under power of sale to foreclose any mortgage or deed of trust, executed hereafter to secure any obligation to pay money or property, shall be had or maintained after such obligation has been barred by the Statutes of Limitations of this State.'' [See section 1320, R. S. 1919.]

It was the purpose of this statute to make the deed of trust or the mortgage and the note run concurrently and when the note was barred the right to foreclose the deed of trust or mortgage was likewise barred. [See Alewel v. Johnson, 212 Mo. App. 211, 214.] These statutes merely effect the remedy but do not extinguish the debt, and therefore are statutes of repose. [Boyd v. Hurlbut, 41 Mo. 264; City of Springfield ex rel. People's Bank of Springfield v. Deming, 252 S. W. 91.] The statutes being ones of repose an acknowledgment of the indebtedness, such as was done by plaintiff in the case at bar, would revive the cause of action on the note and continue the lien of the mortgage. [Thompson v. Richardson, 195 S. W. 1039; Mastin v. Branham, 86 Mo. 643.]

However, in 1921 the Legislature amended section 1320, Revised Statutes 1919, by omitting the words ''executed hereafter'' and by appending the following thereto: (The new matter appearing in italics).

''No suit, action or proceeding under power of sale to foreclose any mortgage or deed of trust, to secure any obligation to pay money or property, shall be had or maintained after such obligation has been barred by the Statutes of Limitation of this State; *NOR IN ANY EVENT after the lapse of twenty years from the date at which the last maturing obligation secured by the instrument sought to be foreclosed is due on the face of such instrument, unless such termination of said period falls within two years after the passage of this act, or has heretofore happened, in which event such suit, action or proceeding may be begun within two years after the passage of this act without regard to the date of the instrument or the maturity of the obligation, unless otherwise barred under the provisions of the general Statutes of Limitation, unless before the lapse of said twenty years the owner of the debt thereby secured or some person for him shall file an affidavit duly verified, or file an instrument in writing acknowledged as deeds are required to be acknowledged in*

*order to entitle them to record in this State, showing the amount due and owing thereon.* [Laws 1921, p. 203.]

The amendment of 1921 is plainly not a statute of repose but one of extinguishment containing its own limitations. Therefore after the lapse of twenty years from the date that the note in suit fell due as shown on the face of the mortgage, the lien of the mortgage, under the circumstances, became absolutely extinguished. In the absence of the filing of the affidavit or instrument required by the law the mortgage was dead and nothing could bring it to life, it could not be revived by any acts tending to show a waiver, or estoppel or acknowledgment of the debt. [Adkins v. Case, 81 Mo. App. 104; Smith v. Barrett, 41 Mo. App. 460; City of Springfield v. Deming, supra; Harper v. Eubank, 32 Mo. App. 258, 262, 263; Maples v. Avery, 6 Conn. 20; Baker v. Stonebraker, 36 Mo. 338, 349, 350; Carroll v. Waring, 3 Gill & Johnson, 491; Leonard, Admr., v. Hughlett, 41 Md. 380.] It is claimed by the defendants that the Supreme Court in transferring the cause here held that the statute in question is one of repose. We do not understand that the Supreme Court intended to decide the merits of the appeal when it transferred the cause here for lack of jurisdiction in that court. [Sec. 12, Article 6 of the Constitution of Missouri and Sec. 5 of the Amendment of 1884 of the Constitution.]

However, defendants contend that the intention of the Legislature in enacting the amendment of 1921 was to protect innocent persons only and not those who have knowledge that the debtor had kept the note, secured by the mortgage or deed of trust, alive. If this were the intention of the lawmakers it is not disclosed on the face of the amendment and had it been their intention they could have easily drawn the amendment to exclude innocent persons. The act seems to be intended to settle, upon the expiration of twenty years, all disputes as to the validity of the encumbrance regardless as to the situation of the parties if the affidavit or instrument is not made and filed. While the place of filing the affidavit or instrument is not expressly mentioned in the statute it is quite evident that this place is the office of the Recorder of Deeds where instruments effecting title to real estate are filed.

It is claimed by defendants that the Act of 1921 should have been pleaded in the petition as part of plaintiff's cause of action and could not be first set up in the reply. There is no merit in this contention. The petition, as before stated, is in the general verbiage of the statute and is, therefore, sufficient. [Skillman v. Clardy, 256 Mo. 297, 308.] It was only necessary for plaintiff to set up his own title. It was not necessary for plaintiff to anticipate any defense that defendants might make (Sawyer v. Ry. Co., 156 Mo. 468, 478), but it was sufficient, when defendants made the claim that they had a valid and subsisting mortgage upon the property, for plaintiff to

plead the statute showing that the mortgage was dead; if, indeed, it was necessary for plaintiff to plead the statute at all, for it has been held that a statute which absolutely extinguishes the remedy need not be specifically pleaded in order to take advantage of it. [37 C. J., p. 1217.]

It is claimed that owing to the fact that the reply states that the lands in question "are encumbered by the mortgage described in defendants' answer" plaintiff has made a solemn admission that the mortgage is a valid and subsisting lien against the land and that plaintiff is bound by the admission. Reading the reply as a whole it is readily seen that there is no such admission in it. The reply, after making the statement quoted, alleges that the mortgage was barred by the statute. Defendants cannot "split up his adversary's pleading and use dismembered parts thereof as an admission against him, and discard such parts as affect injuriously" the defendants. [Clark v. Ry. Co., 179 Mo. 66, 86, 87; 31 Cyc. pp. 206, 212, 213.] [See, also, 37 C. J., pp. 1099, 1111.] It would seem that the intention of the pleader was to allege that the mortgage constituted an encumbrance in the sense of a cloud on his title but that, in fact, it was barred by the statute.

The judgment is reversed and the cause remanded with directions to the trial court to grant the relief sought by plaintiff in his petition. The specific relief sought in plaintiff's reply cannot be granted (31 Cyc., pp. 255-257) and therefore we need not pass upon the question as to whether such relief would be possible without the payment of the note by plaintiff. *Arnold, J.*, concurs; *Trimble, P. J.*, absent.