JESSE F. DONNELL v. R. S. ENGLAND, Appellant.—137 S. W. (2d) 471.

Division Two, February 21, 1940.

*Terry, Terry & Terry* for appellant.

728

*Jeffries, Simpson & Plummer* for respondent.

TIPTON, J.—On January 1, 1914, the appellant, R. S. England, executed and delivered his note in the sum of $8878.73, due one year after date, to respondent, Jesse F. Donnell. On February 18, 1937, the respondent recovered a judgment on this note in that sum against the appellant in the Circuit Court of Jefferson County, Missouri. From this judgment the appellant has duly appealed.

The appellant admitted the execution of the note, but relied upon the defense that on September 2, 1919, he was adjudicated a bankrupt, and was discharged on February 20, 1920, from all debts listed in his schedule, among which was the note sued on herein. He also relied upon the Statutes of Limitation.

The respondent admitted the bankruptcy of appellant, but sought to avoid this defense by showing that the appellant promised on several different occasions to pay this note after his discharge in the bankruptcy proceeding. "The discharge of the debtor in bankruptcy does not satisfy the debt, but merely releases the debtor of his legal obligation to pay. The moral obligation to pay remains, and furnishes a sufficient consideration in law for the new promise to pay. This promise, to be enforceable, 'must be an express, positive and unconditional promise.'" [Farmers & Merchants Bank of Vandalia v. Richards, 119 Mo. App. 18, l. c. 22, 95 S. W. 290.] The promise may be oral or written and the action is not on the note but on the new promise, the discharged debt being the consideration therefor. [Fleming v. Lullman, 11 Mo. App. 104.]

In regard to the promise to pay this note, the respondent testified that appellant said: "He said he was going to go through bankruptcy to keep from paying this lawyer, and he said, 'I will

pay you every cent I owe you.' Following this conversation I received a card from the Referee in Bankruptcy. When I got that card I had a conversation with Mr. England. He said, 'Pay no attention to that card, I will pay you every cent.' Following along about March, 1920, he said he had been discharged in bankruptcy and he said I want you to understand I will pay you every cent I owe you. I told him that was all right; I thought he would." Again, in February, 1921, the appellant said to respondent, "I am going to pay every cent I owe you on that old note. I will pay you right away." A similar conversation took place December 1, 1932, and as late as January 17, 1936, the appellant told respondent, "Doctor, there is no use in getting mad about this thing, I will pay you all of that note."

In the case of Reith v. Lullman, 11 Mo. App. 254, the Court of Appeals held that the statement, "Tell Harry (meaning the plaintiff) to come down and I will pay him," was an unconditional promise to pay the plaintiff. [See also Farmers & Merchants Bank of Vandalia v. Richards, supra; Traders' Natl. Bank v. Hermer, 202 Mo. App. 402, 218 S. W. 937; Boone County Milling & Elevator Co. v. Lowery, 248 S. W. 623; Chitwood v. Jones, 56 S. W. (2d) 147; Diamant v. Stein, 116 S. W. (2d) 273.]

We hold that the evidence is sufficient for the jury to find an express, positive and unconditional promise on the part of the appellant to pay the note in the case at bar.

The appellant next contends that this action was barred by the Statutes of Limitation. Without deciding whether the various promises made by appellant between the year 1919 and January 17, 1936, to pay this note prevented the debt from being barred by the Statutes of Limitation, we think the evidence was sufficient for the jury to find a payment of $6678.95 on the note on December 21, 1932.

For the purposes of this opinion, we will assume that the note was barred by the Statutes of Limitation, yet there was endorsed on the back of the note a payment of the above sum on December 21, 1932. " 'Indorsements of payments made after the note is barred do not revive the note unless such indorsements are made at the direction of, or with the knowledge and consent of, the debtor (citing cases).' [Sugent v. Arnold's Estate, 340 Mo. 603, 101 S. W. (2d) 715, l. c. 716.]" [Caneer v. Kent, 342 Mo. 878, 119 S. W. (2d) 214, l. c. 217.] In other words, the endorsement of payment on the note, standing alone, is no evidence that the payment was actually made; the holder of the note must prove payment by evidence aliunde the endorsement.

The facts in reference to the payment of December 21, 1932, are as follows: The appellant, R. S. England, and his brother, Charles C. England, operated the Waggener Store Company, and they were kinsmen of the respondent, Jesse F. Donnell, who was a doctor. On May 30, 1926, the respondent executed a note to the Waggener

Store Company for $4275.89, which, with interest, amounted to $6678.95, on December 21, 1932.

When asked if he had a conversation with the appellant about December 2, 1932, the respondent testified:

"I did, at my office, and Mr. David Dial was. present; it was December 1st, 1932. Mr. England's step-father wasn't very well and he was coming down that evening to see me as I was going to leave the next morning for the south, and he wanted to talk to me about his father, in connection with Dr. Commerford. He called me up and said he would like to talk to me about that matter, and he came to my office to see me. I figured up the amount of the note and he figured up an old store account, and he said, 'I want to give you credit on that old account, as I have taken care of the Waggener Store Company bill.' He said, 'I want to straighten that up with you.' I had signed a note to the Waggener Store Company at one time. I told Mr. England I would give him credit on the old note. I endorsed the credit on his note. . . . The endorsement is, 'There is credited on this note on account of R. S. England assuming payment of and procuring the cancellation of my note dated May ·30th, 1926, to Waggener Store Co. the sum of $6678.95, this 21st day of December, 1932.' Mr. England brought the computed amount of interest in. The Waggener Store Company is Charles and Sid England. Following this conversation I went away. Sid said, 'Well, when you come back, I will hand you the note.' . . . Sid said to me, 'I will have to settle up with Charlie and I will hand you the note.' 'Charles England was President of the Waggener Store Company. In December, 1935, Charlie and I talked the matter over and he said Sid had paid the Waggener Store Company."

We think the above evidence is sufficient for the jury to find, as they did, that the endorsement of payment of December 21, 1932, was made with the knowledge and consent of the appellant, and, therefore, the note was revived and not barred by the Statutes of Limitation on the date the suit was commenced.

■ Appellant further contends that the instruction in regard to interest is erroneous. Since the jury did not award the respondent any interest, the error, if any, is not prejudicial to the appellant. If the appellant's contention refers to the Waggener note, it was not error to give this instruction because the amount of interest on that note is not in dispute. [Home Trust Co. v. Josephson, 339 Mo. 170, 95 S. W. (2d) 1148, 105 A. L. R. 1063.]

■ In his points and authorities, appellant states that "an instruction which comments on the evidence and amounts to a directed verdict is erroneous." This assignment of error is too general to preserve anything for review. [Diamant v. Stein, supra.]

■ Appellant also complains of the trial court's refusal to give his requested Instruction Number One which told the jury that "if

732

defendant during the year 1921 promised to pay said note but failed to do so for a period of five years or more thereafter then your verdict will be in favor of the defendant.'' This instruction ignores the testimony showing that the appellant made repeated promises to pay the note subsequent to the year 1921. In the case of Reith v. Lullmann, supra, the debtor made a promise to pay in the year 1871 and also in the year 1877. That court held that the promise made in the year 1877 was the enforceable one and not the one made in the year 1871. We therefore hold that the trial court correctly refused to give this instruction.

Finding no reversible error in the record, the judgment is therefore affirmed. All concur.